## HEINTZ v. MOULTON *et al.*

1. In mandamus proceedings to enforce a private right, the real party in interest should be named as plaintiff, and such proceeding should not be entitled in the name of the state of the relation of such party.  Howard v. City of Huron, (S. D.) 59 N. W. 833; 5 S. D. 539.

2. The chairman of the district school board is not a necessary party defendant in such proceeding, when it affirmatively appears that he has at all times held himself in readiness to perform the acts sought to be enforced by the court's mandate.  Smith v. Lawrence, 49 N. W. 7, 2 S. D. 135.

3. If the law imposes upon a school board unconditionally an imperative duty which it neglects to perform, no personal demand upon the members thereof is required.  The law is continually demanding, and the failure to perform constitutes a refusal.

4. Mandamus will not lie to control or dictate the action of school officers in matters officially intrusted to their judgment, or concerning which they are authorized to exercise a sound discretion.

(Syllabus by the Court.　Opinion filed August 3, 1895.)

Appeal from circuit court, Brookings county.  Hon. J. O. ANDREWS, Judge.

Action for a writ of mandamus.  From a judgment awarding the writ, defendants appeal.  Reversed.

The facts are stated in the opinion.

*P. C. Truman* and *John C. Jenkins* for appellants.

An alternative writ of mandamus must contain a statement of all the facts necessary to justify the order sought for by the proceeding, and at the hearing the omissions in the writ cannot be supplied by the affidavit or application on which it was allowed. State v. Carey, N. W. 164; Compiled Laws, section 5521; Maxwell on Code Pleading, 223; Miller v. State, 22 Pac., 326; 14 Am. and Eng. Enc. Law, 221; State v. School, 8 Neb. 92; Elliott v. Oliver, 29 Pac. 1; McLeod v. Scott, 29 Pac. 1; McKenzie v. Ruth, 22 O. S. 371; High on Ex. Rem., section 537; People v. Supervisors, 15 Barb. 607; Trustees v. People, 12 Ill. 254; State v. Bolche, 86 Mo. 188; Silver v. People, 45 Ill. 224; People v. Ohio, 51 Ill. 191; Johnson v. Smith, 64 Ind. 275; State v. Jennings, 56 Wis. 133; Tornoff

v. Nash, 23 O. S. 335; State v. Hawes, 1 N. E. 1. Mandamus will
not lie against the individual members of a school board, but all
the members of the board must be joined as a body. State v. Su-
perior Court, 30 Pac. 82. Prior to the application for an alterna-
tive writ of mandamus, a demand must be made upon the party,
whose duty it is to perform, for the performance of the act to en-
force which the proceedings is to be brought. Shirley v. Board, 31
Pac. 365; Railroad v. Plumas, 37 Cal. 363; Price v. Land, 56 Cal.
434; People v. Romeo, 18 Cal. 90; Crandall v. Amodal, 20 Cal. 72;
Scripture v. Burns, 12 N. W. 760; Lee v. Schaack, 10 N. W. 22.
The remedy for a person aggrieved by the action of a school board
in school matters, is an appeal to the county superintendent of
schools. Smith v. District, 42 Ia. 522; Kirkpatrick v. School, 5 N.
W. 750; Park v. School, 21 N. W. 567; Holmes v. Goodkin, 34 N.
W. 168; Atkinson v. Hutchins, 26 N. W. 54; Barnett v. Board, 34
N. W. 780.

    *Alexander & Fairbank,* for respondent.

    Where proceedings for mandamus are begun by the filing of
an information, the object of which is to make known to the court
the ground of complaint and to ask the relief sought, such inform-
ation is not regarded as a pleading to which demurrer will lie, its
purpose being to inform the court of the ground of action. High.
on Extr. Legal Rem. Sec. 454; State v. Board, 10 Ia. 157; Johnson
v. Smith, 64 Ind. 275. Whenever a proceeding is instituted to re-
dress a private wrong or enforce a private right, the party benefici-
ally interested should be named as plaintiff. Howard v. City, 59
N. W. 833; Smith v. Lawrence, 49 N. W. 7. Mandamus will lie to
compel school boards to act where they refuse to act, and when the
act to be done is ministerial. On a given state of facts the writ lies,
although they must judge, according to their best discretion,
whether the facts exist, and whether they should perform the act.
14 Am. & Eng. Enc. 174; Clark v. Board, 24 Ia. 266; Morley v.
Power, 5 Lea. 691; State v. Duffy, 7 Nev. 342; Com. v. William-
son, 30 Leg. Int. 406; People v. School, 18 Abb. Prac. 165; Peo-
ple v. Regents, 30 Mich. 473. The peremptory writ of mandamus

need not precisely follow the alternative writ in matters of detail. State v. Weld, 39 Minn. 426; People v. Dutchess, 58 N. Y. 152.

FULLER, J.   This appeal is from a judgment against school directors awarding a peremptory writ of mandamus upon the return of an alternative writ, with the requirements of which defendants had failed to comply, and by which they were required, as such officers, to purchase a certain school house site within the district, to receive bids for the removal of a certain school house thereto, and to enter into a conformable contract with the lowest bidder, in accordance with a vote of the electors previously taken at a special meeting, alleged in the affidavit to have been called pursuant to notice, and in compliance with a petition signed by seven resident voters of said district.   To the alternative writ, and the affidavit upon which the same was issued, defendants in their official capacity filed a demurrer or motion to quash, upon the following grounds: "First, The plaintiff has not legal capacity to maintain this proceeding.   Second.   There is a defect of parties plaintiff, in this:   that the state of South Dakota is not made a party plaintiff.   Third.   There is a defect of parties defendant, in that the district school board of school district No. 29 of Brookings county, a municipal corporation, should have been made a party defendant, and is a necessary party defendant; and in this:   that the chairman of said board is a necessary and proper party defendant.   Fourth.   That said writ does not state facts sufficient to constitute a cause of action, nor to justify the court in issuing a peremptory writ of mandamus."

Respondent's counsel have moved this court to require appellants to execute and file herein an undertaking as required in section 5219 of the Compiled Laws, and to strike from the record what has been denominated a "bill of exceptions," upon the ground that the same is immaterial, irrelevant, and contradictory of the record made in the trial court, in that no demurrer was filed therein to the alternative writ of mandamus; but as we have concluded that the case must be reversed, an undertaking would be

of no interest to respondent. As to the question whether an undertaking in this court may be dispensed with under section 5229, as amended by chapter 59, Laws 1893, where an appeal is taken, as in this instance, by the officers of a school district in a purely official capacity, no examination is required, because, if an affirmative conclusion were reached, this court would do no more than to require, in accordance with said section, an undertaking to be filed, which, under the view we have taken of the case as above intimated, would be of no service to either party. We also regard the second motion of no practical importance. This court does not look to a bill of exceptions to ascertain the nature of the pleadings, as they are part of the judgment roll; nor for the purpose of ascertaining the ruling of the court upon a demurrer. These are all matters of record without the aid of a bill of exceptions. The purported imperfections and unfairness of appellants' abstract, properly brought to our attention by respondent's additional abstract, is not sustained by the record filed in this court. It clearly appears therefrom that a demurrer to the alternative writ was interposed upon the return thereof; that after a full argument thereon the same was overruled, and appellants exception to the ruling of the court was duly noted, and that judgment awarding a peremptory writ of mandamus was thereupon entered. No question being raised as to the power of the court, under section 5520 of the Compiled Laws, to grant a peremptory writ in any event, without proof of the allegations upon which the alternative writ issued, the point is not decided.

It appears, from the affidavit upon which the application was based, that the relator, a legal voter and taxpayer of said district, has four children of school age entitled to school privileges therein; that the schoolhouse in question, to which he must send his children, if at all, as presently located, is three miles from his place of residence, and that said children are thereby deprived of school privileges; that if the schoolhouse were removed to the location described in said affidavit, and designated by the voters of said district as the site to which the same should be re-

moved, he would then reside but one mile and a half therefrom, and could send his children to school. We think he has shown himself to be a party beneficially interested, and entitled to make an affidavit and application for the writ, under section 5518 of the Compiled Laws, and that the proceeding should not be entitled in the name of the state. The first two objections to the issuance of the writ, specified and urged by counsel for appellants, are untenable. Howard v. City of Huron (S. D.) 59 N. W. 833; Smith v. Lawrence, 2 S. D. 185, 49 N. W. 7.

It is alleged that plaintiff is the chairman of the school board in question, and that defendants constitute a majority thereof, and, as it clearly appears that plaintiff is willing and anxious to act in accordance with the mandate of the court, he is not an indispensable party defendant. Smith v. Lawrence, *supra.*

To the objection "that said alternative writ does not state facts sufficient to constitute a cause of action, nor to justify the court in issuing a peremptory writ of mandamus," we will now direct our attention. Counsel for appellants maintain that it is neither alleged in the affidavit nor alternative writ, nor does it in any manner appear, that a demand had been made upon the defendants, or either of them, to perform the acts required by the alternative writ; but, if it were the well defined and imperative official duty of the defendants to perform such acts unconditionally, no personal demand is necessary. The law is continually demanding, and the failure to perform constitutes a refusal. Smith v. Lawrence, *supra;* Merrill, Mand. 257. Under section 3 of chapter 4, Laws 1893, at page 116, the clerk of the school district board, having under its control but one school, is required, when requested by a majority of the board to call a special meeting at any time, by giving written notice to each member of the board; and, when there are not more than three schools, five legal voters may petition the clerk to call a special meeting of the voters at any time, and it shall be the duty of the clerk to post, at least ten days prior to the time of meeting, in three of the conspicuous places in the district, a notice of such meeting, giving the date, hour and object thereof; and in a

district having more than three schools, under section 1 of chapter 5, a special meeting may be called by a director or a majority of the patrons of the school, upon five days' notice of similar import posted as above required, and at such meeting the district school board may be petitioned to remove the school house to a more convenient location, for the erection of a new one, or the sale of an old one and the lands belonging thereto, and upon any other subject connected therewith. Said section concludes as follows: "Provided, further, that nothing contained herein shall prevent the district board from exercising a sound discretion as to the propriety or expediency of making repairs, removing, erecting or selling school houses and the land pertaining thereto." Although the alternative writ does not state by what authority the meeting was called, nor the number of schools in the district, nor that any notices of the meeting were posted as required by law, nor that the district has funds with which to purchase a school house site or defray the expense of removal, we prefer to base our decision upon the broad ground that mandamus will not lie to compel the performance of acts which the law has left to the sound discretion of public officers. Comp. Laws, § 5517; Bailey v. Lawrence Co. (S. D.) 51 N. W. 331; Merrill, Mand. 110; High, Extr. Rem. 42. The apparently inflexible rule that mandamus will not lie to control or dictate the action of public officers in matters officially intrusted to their judgment or concerning which they are authorized to exercise a sound discretion, so directly underlies the entire jurisdiction of mandamus, and is so uniformly applied by all the courts, that further notice is needless. The judgment awarding the peremptory writ of mandamus is reversed.