## AMIDON v. FLORENCE FARMERS' ELEVATOR CO.

Mandamus lies to, compel record of a transfer of corporate stock on the corporation's books by the officers. Where there has been a bona fide transfer by indorsement, there is no question to be liquidated as to title, and there is a pure legal right to a transfer.

(Opinion filed June 30, 1911.)

Appeal from Circuit Court, Codington County; Hon. Geo H. Marquis, Judge.

Action by L. H. Amidon against the Florence Farmers' Elevator Company. Judgment for defendant, and plaintiff appeals. Reversed.

*Case & Shurtleff,* for appellant.

A transferee of stock is entitled to pursue his equitable remedy to compel an entry of the transfer on the books of the com-

pany, notwithstanding that on refusal to transfer, the transfer is deemed complete, and the company is bound to recognize it precisely as if entered on the books. Gilkinson v. Third Ave. R. Co. 36 N. Y. S. 792; Cushman v. Thayer Mfg. Jewelry Co., 76 N. Y. 365; Ernst v. Elmire Municipal Impt. Co., 54 N. Y. S. 116; Robinson v. Bank of New Berne, 95 N. Y. 637; Rice v. Rockafeller 17 L. R. A. 237.

In the absence of statute, corporation has no right to restrict a transfer of stock. Brinkerhoff-Ferris Trust Co. v. Home Lumber Co. 24 S. W. 129; Anglo-Cal. Bank v. Grangers Bank, 63 Cal. 359; Cook on Corp. Fifth Ed. Sec. 622 d., In re. Klaus, 29 N. W. 582; Herring v. Rustin Co-Op. Ass'n., 52 S. W. 327; Bloede v. Bloede, 34 At. 1127; Nesmith v. Washington Bank, 25 Mass. 324; Taylor v. Edson, 58 Mass. 324; Price v. Minot, 107 Mass. 49.

*J. G. McFarland,* for respondent.

The right to writ of mandamus to compel the issuance or transfer of corporate stock upon the books of a private corporation will not lie. High on extraordinary Legal Remedies, Sections 313 314; Second National Bank of Grand Forks v. First National Bank of St. Thomas, 76, N. W. 504; State v. Carpenter 51 Ohio St. 83; Freeman v. Carriage Co., 42 Ohio St. 38; Cook on Stock and Stockholders, Sec. 581. This corporation is of a purely private character organized and operated for private gain merely. Is is charged with no public duty or trust in the management of its affairs that are not imposed upon an unincorporated association or partnership engaged in a like enterprise. Freon v. Carriage, 42 Ohio St. 37.

McCOY, J. This action was brought by L. H. Amidon, as plaintiff in the court below, for a writ of mandamus to compel the Florence Farmer's Elevator Co., a domestic corporation as defendant, to transfer on the books of said corporation certain shares of stock which said plaintiff purchased and had assigned to him, and to permit plaintiff to participate as a stockholder in the management of the affairs of said company. The plaintiff's petition for mandamus, among other things, alleged that at the time of the incorporation of defendant two certain certificates of stock, rep-

resenting eight fully paid up nonassessable shares of the capital stock of said corporation, were duly issued to one Chancey White; that said certificate recited that the said stock was nonassessable, and that the shares of capital stock represented by them were transferable only on the books of the corporation, in person or by attorney, on the surrender of said certificates; that thereafter the said White sold and assigned said shares of stock to plaintiff by the following written assignments indorsed on said certificates: "For value received I hereby sell, transfer and assign to L. H. Amidon the shares of stock within mentioned and hereby authorize the secretary of said company to make the necessary transfer on the books of the corporation"—that after the assignment of said shares of stock to plaintiff he presented the same to the secretary, and also to the president of said corporation, and, requested the said secretary to transfer the said shares of stock on the books of the company to plaintiff, and plaintiff also offered to surrender the said certificates of stock to be canceled at said time so that new certificates might be issued to plaintiff in their place, but said defendant corporation at said time refused and ever since said time has and still refuses to transfer said shares of stock to plaintiff on the books of said company, or to issue new certificates of stock to plaintiff; that, by reason of the refusal of defendant company to transfer said shares of stock to the plaintiff on the books of the company, plaintiff has been damaged by reason of his not being permitted to participate in the management of the corporation of which he is a stockholder or to participate in the dividends that may have been or will be declared, and plaintiff has not a plain, speedy, and adequate remedy in the ordinary course of law against the said defendant company for its refusal to transfer his said shares of stock on the books of the company, and that plaintiff will be irreparably damaged unless a writ of mandamus be issued by this court directed to defendant company, its officers and agents, commanding them and each of them to make the transfer of stock on the books of said company to plaintiff. Defendant made answer (1) denying generally each and every allegation of said petition (2) averring that the by-

laws of defendant require and provide that a stockholder shall not sell his shares until the same have been offered to the stock company at par value, and that none of the shares of stock of defendant company mentioned in plaintiff's petition have ever been offered to the stock company, this defendant, at par value or otherwise. A hearing was had on the issue thus joined and a peremptory writ of mandamus issued. A motion for new trial made by defendant was granted. Thereafter defendant moved the court to quash and set aside the alternative writ of mandamus, and for an order dismissing said action, and for judgment for costs on the ground that the plaintiff and petitioner has a plain, speedy, and adequate remedy at law, and for the further reason that it does not appear from the petition that the plaintiff will be irreparably damaged by reason of the facts set out in said petition. Said motion was made upon the petition, affidavit, and alternative writ of mandamus issued in the case. Said motion to quash was granted, and the alternative writ theretofore issued in the cause by the judgment of the court vacated and set aside, and the action of plaintiff dismissed with prejudice to another mandamus proceeding upon the same facts, but not to another remedy. To the granting of said order to quash and the said judgment dismissing the action plaintiff duly excepted, and which exception was allowed. Plaintiff brings the cause to this court on appeal assigning as error the granting of said motion to quash the said writ of mandamus and dismissing said action.

The only question presented by the record for determination on this appeal is whether or not mandamus is a proper remedy to compel the transfer of said shares of corporate stock on the books of the company by the secretary of said corporation, and the refusal of said corporation to permit plaintiff, as a stockholder, to participate in the management of the corporation affairs. We are of the opinion that where there has been a bona fide transfer of corporate stock by indorsement, where there are no questions to be litigated concerning the title, ownership, or right to transfer, and where it is a pure legal right that is withheld or denied the holder of such stock, mandamus will lie under

the Code of this state to compel an entry and record of such transfer in the stock and transfer book by the officers of such corporation. Section 423, Civ. Code, provides that the shares of stock of a corporation are personal property, and may be transferred by indorsement by the signature of the proprietor and delivery of the certificate, but that such transfer is not valid, except between the parties thereto, until the same is so entered upon the books of the corporation as to show the names of the parties by and to whom transferred, the number, or designation of the shares and the date of the transfer. Section 445, Civ. Code, provides that in addition to the general books of the corporation, all corporations for profit must keep a book to be known as the "stock and transfer" book in which must be kept a record of every alienation, sale, or transfer of stock made, the date thereof and by and to whom. Section 430, Civ. Code, provides that at all corporate elections for any purpose only bona fide stockholders, having stock in their own names on the corporate books of the corporation at least ten days prior to election, may vote and participate in such elections. Section 426, Civ. Code, also provides that dividends belong to the person in whose name the stock stands upon the books of the corporation on the day when it becomes payable. It will be observed from these sections of our statute that the refusing and neglecting by the officers of the corporation to make the entry and record of the transfer of stock upon a sale and transfer thereof deprives the transferee of the right to have such transfer made valid as to the corporation, deprives him of the right to vote and participate in the management of the corporation, and also deprives him of the right to participate in the dividends of the corporation that might become payable after the transfer and before the recording thereof. Under the corporation statute of this state, the refusal to record the transfer of stock would deprive the transferee of rights that could not well or adequately be compensated by money damages. Under our statute, in the matter of being deprived of the right to vote and participate in the corporate elections and to participate in dividends, there would seem to be no other plain, adequate, or speedy remedy in

the ordinary course of law for the withholding of these rights. Under section 426 the corporation would be authorized to pay to the assignor of stock, in whose name the same still appeared on the books of the corporation, and he would be authorized to receive dividends, although the stock had prior thereto been assigned in good faith to another; and, if dividends were frequent might result in and require a multiplicity of suits, expense, and costs, in order that the assignee might recover his dividends in case it were held he was entitled thereto. Section 764, Code Civ. Proc., provides that the writ of mandamus may be issued by the Supreme and Circuit Courts to any inferior tribunal, corporation, board or person, to compel the performance of an act, which the law specially enjoins, as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board, or person. Under the statute of this state, any person has the lawful right to purchase shares of corporate stock, and has the right to have the transfer recorded in the stock and transfer book of the corporation, and the statute specially enjoins upon the officers of such corporation the duty of entering and recording such transfer in the stock and transfer book. It would therefore clearly seem that the mandamus proceeding in this state was intended to reach and apply to just such a situation as is shown by the appellant's petition in the case at bar. There is irreconcilable conflict in the decisions of the courts in the various state on the question as to whether or not mandamus is a proper remedy to compel the transfer of corporation stock on the books of the company. Section 390, Cook on Corporations. This conflict seems to be largely due to the common-law rule and the various state statutes upon the rights of stockholders and duties of the various corporation officers, and scope of the mandamus procedure at common law and in the different states. The case of Slemmons v. Thompson, 23 Or. 215, 31 Pac. 514, under a mandamus statute the same as ours, in many respects is similar to the case at bar, wherein it is held mandamus is a proper re-

medy for such purpose, where no other rights affecting the ownership and the transfer of the stock are in litigation; and it is also held in this case that mandamus is proper notwithstanding that some other equitable remedy might obtain the same result. At common law the remedy by mandamus would not lie to compel such transfer, but by reason of the statutory enlargement of the remedial scope of the mandamus procedure, and the statutes defining the rights of stockholders and duties of corporation officers of recent years many decisions are found holding that mandamus is a proper remedy. Cook on Corporations, § 390. In some states where the general rule is against the mandamus procedure for such purpose an exception is recognized in case of quasi-public corporation, such as railroad and turnpike companies, 10 Cyc. 609, 2 Thompson on corporations, § 2445. It appears from the record in this case that respondent was organized for the purpose of buying, selling, and storing grain. By section 483, Pol. Code, companies of this character are expressly made public corporations.

The order appealed from is reversed.