STATE ex rel SMITH et al, Respondents, v. MIERS et al,
Appellants.

(206 N. W. 236.)

(File No. 5672.  Opinion filed December 9, 1925.)

1.  **Mandamus—Waiver—Pleadings—Demurrer—Defendants Answering to Merits and Going to Trial Waived Demurrers to Alternative Writs.**

    Defendants, having answered to merits and gone to trial on merits, waived demurrer to alternative writs of mandamus and prohibition.

2.  **Appeal and Error—Evidence—In Actions Tried to Court, Admission of Incompetent Evidence Presumed Without Prejudice, Unless Contrary Affirmatively Appears.**

    In actions tried to court without a jury, admission of incompetent or inadmissible evidence will be presumed without prejudice, unless contrary affirmatively appears; presumption being that court considered only such evidence as was lawfully before it.

3.  **Mandamus—Prohibition—Judgment—Order Held Insufficient as Writ of Mandamus or Prohibition, or Combination of Both, or Judgment for Either Writ.**

    Order requiring officers of unincorporated telephone association to turn over books to newly elected officers, providing for audit of association's books, for temporary organization until regular organization was perfected, and designating persons entitled to vote, held not writ of mandamus or prohibition, or combination of both, nor sufficient as judgment for either writ.

4.  **Mandamus — Equity — Order in Mandamus Proceedings Held Not Sustainable as Decree in Equity Without Stipulation Changing Issues.**

    Order in mandamus proceeding granting relief appropriate to decree in equity could not be sustained as such under pleadings without binding stipulation changing issues or agreement of parties to abide by order of court.

5.  **Mandamus—Corporations—Ordinarily Mandamus Will Not Lie to Regulate Internal Affairs of Unincorporated Associations.**

    Ordinarily mandamus will not lie to regulate internal affairs of unincorporated associations, with certain exceptions, where individuals assume performance of duty, public or quasi public in character.

Appeal from Circuit Court, Custer County; Hon. WALTER
G. MISER, Judge.

Mandamus and prohibition by the State of South Dakota, on the relation of Harry B. Smith and another, against Melvin F. Miers and another.   Judgment for plaintiffs, and defendants appeal.   Reversed with directions.

*Harry P. Atwater,* of Sturgis, for Appellants.

*Eastman & Eastman,* of Hot Springs, for Respondents.

(5)   To point five of the opinion, Appellant cited:   Lauritson v. Seward, 99 Minn. 313, 109 N. W. 404; Runge v. Anderson, 100 Wis. 523, 76 N. W. 482; United States v. Lamont, 155 U. S. 303; Bailey v. Lawrence Co., 51 N. W. 331; Howard v. City of Huron, 6 S. D. 180, 6 N. W. 803; State v. Getchell, 3 N. D. 243, 55 N. W. 585.

Respondent cited:   Sogn v. Koetzle et al, 38 S. D. 99; Stianson v. Stianson, 40 S. D. 322.

BURCH, C.   This action is brought by plaintiffs, Harry B. Smith, claiming to be the duly elected president of the Cottonwood Telephone Association, and James Johnson, claiming to be the duly elected secretary-treasurer of the said association, against the defendants, Melvin F. Miers, as secretary-treasurer, and John H. Engelbrecht, as president, of said association, for a writ of mandamus requiring defendants to surrender said offices to plaintiffs, and for a writ of prohibition prohibiting the said defendants from exercising any of the duties of said offices.   The lower court found in favor of plaintiffs, and this appeal is taken from the judgment of the lower court.

[1]   The defendants demurred to the alternative writs, and, after the demurrers were overruled, answered on the merits. They now assign as error the overruling of such demurrers.   The defendants, having answered and gone to trial on the merits of the case, waived the demurrer and cannot now be heard thereon. Sogn v. Koetzle, 38 S. D. 99, 160 N. W. 520; Pierson v. Minnehaha County, 26 S. D. 462, 128 N. W. 616, Ann. Cas. 1913B 386; Stianson v. Stianson, 40 S. D. 322, 167 N. W. 237, 6 A. L. R. 280.

[2]   There are several assignments of error relating to the rulings of the court on evidence, but, inasmuch as the case was tried to the court, it will be presumed that the court considered only such evidence as was lawfully before it.   If there is sufficient legal evidence to support the findings of the court, any erroneous

ruling that the court may have made is not prejudicial. In actions tried to the court without a jury, the admission of evidence not competent or admissible will be presumed to be without prejudice unless the contrary affirmatively appears. For that reason we will not consider the rulings of the court on the admission of evidence, as there is nothing before us to show that the court was influenced thereby or considered it in making the findings of fact.

The correctness of the findings of fact, conclusions of law, and judgment under the facts as they appear in this case is presented in the several assignments of error, and may be considered under one head. The Cottonwood Telephone Association was never incorporated. It was a voluntary association of individuals of Custer county, composed originally of twelve members calling themselves stockholders, who were earlier stockholders of a telephone company known as the Cheyenne River Telephone Company, which owned and controlled several lines of telephones including the line now owned by the Cottonwood Telephone Association. In 1920 the said twelve stockholders cut away from the old telephone company by a contract dated December 18, 1920, continued their line, without incorporating, calling themselves the Cottonwood Telephone Association.

On December 30, 1920, said stockholders held a meeting and elected G. R. Wonder president, and defendant Melvin F. Miers secretary-treasurer. On December 31, 1921, another meeting of the stockholders was held and the said G. R. Wonder, president, and Melvin F. Miers, secretary-treasurer, were re-elected. A little over a year later, January 13, 1923, the third annual meeting was held, and at that meeting plaintiff Harry B. Smith was elected president and plaintiff James Johnson was elected secretary-treasurer. Miers was not present at this meeting, but the record shows that he was called by telephone and stated that he would not be present, and for those present to go ahead and elect some one to take his office. The minutes of this meeting, among other things, show:

"Then it was thought best to call a meeting at M. F. Miers' home and have stockholders present and then have James Johnson and H. B. Smith figure up books all members present were in favor."

Seven days later, January 20, 1923, a meeting was held at defendant Miers' home and the minutes of this meeting show the following:

"This meeting was called for James Johnson and H. B. Smith to come and figure up books and take same over but those above named never showed up. This was all talked over with members present and decided to elect a new board whereby it was moved and seconded M. F. Miers be elected Sec. and Treasurer all in favor M. F. Miers declared elected."

Johnson was not at the January 20th meeting, and explained his absence by saying:

"Seen Harry Smith went to town, and thought the meeting was just to balance the books, and him and I could get the books any time."

Nor was Smtih there; he explained the reason for his absence as follows:

"I got a phone message that my wife wasn't very well, and that I had better come to town, and I went."

[3, 4] After this meeting of January 20th, Miers claimed to act as secretary treasurer and refused to turn over the books to Johnson and to surrender the office. Considerable discord developed between the members of the association, and G. R. Wonder refused to act as president, and at a later meeting defendant Engelbrecht was elected president by the Miers faction. This action was brought to compel defendants to turn over their respective offices to plaintiffs. The findings and conclusions of law are very informal, apparently being a copy of a memorandum opinion of the trial judge. The order of the court made on these findings is as follows:

"It will therefore be ordered that such books shall, on or before the 20th day of March, 1924, be turned over to James Johnson, secretary, and that with such books and papers M. F. Miers transmit a statement of receipts and disbursements as will fully advise the members of the condition of the affairs of said company; that said report shall be audited by a committee consisting of M. C. Kershaw, H. B. Smith, and G. R. Wonder; that within two weeks after the 20th day of March, a meeting of the membership of the Cottonwood Telephone Company be held at such time within two weeks, and at such place as shall be designated

as most convenient for all persons interested by a committee consisting of Ed Snowden, R. J. Skinner, M. F. Miers, G. M. Wonder and M. C. Kershaw, which committee shall be called together by M. C. Kershaw, to determine the time and place for such meeting of the entire membership; that at the meeting of this committee those present of such five members shall be a quorum for the transaction of business, and the determination of those present shall be communicated to James Johnson, who shall within two days thereafter notify John H. Engelbrecht, M. F. Miers, H. B. Smith, Ed Snowden, R. J. Skinner, G. M. Wonder, A. A. Haaser, M. C. Kershaw, James Johnson, John Hackle, C. W. Roberts, C. C. Wonder, Huber Myer, Clarence Cowalski, Herman Efland, Henry Engelbrecht, and August Efland of such meeting of the association; that at such meeting a temporary president, secretary, and treasurer be elected, to serve until a regular organization may be perfected, either by incorporation, or by the formation of a volunteer association and the adoption of by-laws for the government of the same; that at any meeting heretofore in this order required to be held any member failing to appear shall be deemed to have waived his right to object to the same; that each party to this action shall bear his own costs; that no mileage or witness fees be allowed to any member or claimed member for attending the trial of this case; that the court costs be paid from the treasury of the telephone company; that at the meeting held for the purpose of electing a temporary president, secretary and treasurer to serve until a regular organization be perfected, only the eleven original stockholders first named, together with C. W. Roberts, shall be allowed to vote but that any person heretofore named who has paid money into the treasury of the Cottonwood Telephone Company shall have the right to be present and urge his claims for membership in such organization as may be hereafter perfected; that, if the membership shall fail to meet and organize in accordance with the orders hereinbefore made, the court hereby reserves the right to make such other and further orders as may appear necessary and proper."

[5]   This order cannot be classified as a writ of mandamus or a writ of prohibition or combination of both, nor is it sufficient as judgment for either writ. If it is intended as a decree in equity, it cannot be sustained under the pleadings in a mandamus

proceeding. There is a suggestion in respondents' brief that the issues were enlarged by mutual consent. The record, however, does not disclose any stipulation changing the issues nor agreement of appellants to abide by the order of the court, by which they submitted their differences to the court. The order appealed from could be upheld only as a decree in equity and without some binding stipulation this court cannot say that the order conforms to any of the issues. Ordinarily mandamus will not lie to regulate the internal affairs of unincorporated associations. There are some exceptions where individuals assume the performance of a duty, public or quasi public in character. The business of this telephone association no doubt is that of a common carrier and of a quasi public character. The suit, however, is not brought to compel the association to furnish telephone service but merely to determine who shall manage the affairs of the company. We are satisfied mandamus is not the proper remedy. No doubt the learned court, in thus attempting to settle the neighborhood row, might have performed a valuable service had his order been accepted and agreed to. But the court cannot make the contract; it may enforce it when made. We have no sympathy with the conduct of Miers in holding on after the election of his successor according to the by-laws and customs of the association, but we do not think his actions can be controlled by mandamus.

The order of the lower court is reversed, with directions to dismiss the action.

Note.—Reported in 206 N. W. 236. See, Headnote (1), American Key-Numbered Digest, Mandamus, Key-No. 163, Prohibition, Key-No. 25, Pleading, 31 Cyc. 343, 344; (2) Appeal and Error, Key-No. 931(6), 4 C. J. Secs. 2726, 2881, 2982; (3) Mandamus, Key-Nos. 178, 182, 38 C. J. Sec. 695, Prohibiiton, Key-Nos. 31, 32, 32 Cyc. 630; (4) Mandamus, Key-No. 178, 38 C. J. Sec. 695; (5) Mandamus, Key-No. 136, 38 C. J. Sec. 520.