SIMONSON, Appellant, v. HISTORY CLUB, et al, Respondents.

(226 N. W. 750.)

(File No. 6565. Opinion filed September 20, 1929.)

*Tom Kirby* and *Mundt & Mundt,* all of Sioux Falls, for Appellant.

*Danforth & Barron,* of Sioux Falls, for Respondents.

BURCH, J. This cause is before us on appeal from a judgment of the circuit court of Minnehaha county denying a peremptory writ of mandamus. The writ is sought by Mrs. F. O. Simonson, appellant, who was expelled from the History Club of Sioux Falls on August 2, 1926, to reinstate her as a member in good standing.

The History Club is a corporation, incorporated under the laws of this state. The articles of incorporation declare:

"The purpose for which this corporation is formed shall be educations, philanthropic and civic, to the end that the members shall become more efficient in their homes, broader in their sympathies and more forceful in raising the standard of civic morality."

The corporation is the successor of the unincorporated association of the same name. The members of the unincorporated association, of which appellant was one, at the time of incorporation constituted the original membership of the incorporated club. The corporation has no stock, but is composed of members, exists only for the objects and purposes above mentioned, and does not exist for pecuniary profit. Its charter provides:

"The qualification and duties of members, mode of election and terms of admission to membership, as well as admission fees and dues, and the power and method of expelling or suspending from membership, and filling vacancies in the board of directors and other offices of this corporation, shall be as may be prescribed from time to time in the by-laws."

Section 5, article 1, of the by-laws, provides:

"Any member may be expelled as a member of this corporation for acts and conduct prejudicial to the best interests of the corporation and members thereof. [Then follow rules of procedure for expelling a member.]"

Some friction developed between appellant and other members of the club over the management of the club, the conduct of some of the members in the club, and in the League of Women Voters, an independent organization. In April, 1926, appellant was charged with improper conduct in accusing the financial secretary and treasurer of dishonesty, in threatening to break up the club, and numerous other acts claimed to be prejudicial to the best interests of the corporation. At a meeting of the members of the club, out of a total of 125 votes cast, 123 voted to request appellant to resign. This she refused to do. Written charges were referred to an investigating committee, and the committee sustained the charges and presented formal charges. The formal charges were presented to the proper board, and she was expelled. We do not deem it necessary to state the charges in detail, or the detailed proceedings in the club resulting in appellant's expulsion. Appellant was present at the meetings, was allowed full opportunity to make defense, except that her counsel (he not being a member of the club) was not permitted to appear. The by-laws above mentioned were not adopted until after the commission of the offenses charged, and it is appellant's contention, among other things, that she could not be tried under by-laws adopted after the commission of the offense.

■■ It is apparent from the nature of the corporation that no property rights of appellant are involved. Nor does it appear that the membership has any property value. The charter and by-laws disclose that membership imposes duties and obligations, with no rights or privileges, except such as may be termed social. Courts will, of course, in appropriate actions protect property and civil rights, and where a property or civil right can be protected by mandamus to reinstate a member of a club, the court will, where a member has been unlawfully expelled or improperly excluded, compel reinstatement; but it is not apparent from the record that any right of appellant can be thus protected. The end to be attained by membership in the History Club, as set out in the articles of incorporation, is to make each member more efficient in her home, broader in her sympathies, and more forceful in raising the standard of civic morality; all very desirable attainments, but of a character that can be attained in club association only through mutual and reciprocal contacts of a purely social character.

Courts must realize the impossibility of compelling such rela-

tions. Mere membership in the club cannot make appellant more efficient in her home, broader in her sympathies, or more forceful in raising the standard of civic morality. In raising the standards of civic morality, concerted action of an organized group may be more potent than individual effort. But the power of the organization will depend on unity of action. Discord will impair, and may destroy, the organization and render every membership valueless. Courts must consider the rights of all, and should not impair or destroy the value of all memberships, to sustain a naked right to a seat with others, there being no property right involved. We do not decide whether appellant's expulsion was rightful or wrongful, deeming that immaterial.

■ Mandamus is a prerogative writ, and its issuance is to some extent discretionary. Where it appears that the writ cannot redress a wrong or secure a right, it should be denied. This we think is the situation in this case, and the trial court did not err in denying the writ.

The judgment and order appealed from are affirmed.

SHERWOOD P. J., and BROWN, J., concur.

POLLEY, J., not sitting.

CAMPBELL, J. (concurring specially). In refusing at the suit of the local authorities of a village to grant an injunction to prevent a clergyman from delivering sermons on the adjacent seashore, held under lease by the village, an English judge said: "I cannot refuse to make a declaration that the defendant is not entitled, without the consent of the plaintiffs, to hold meetings or deliver addresses, lectures, or sermons on any part of the foreshore in lease from the crown. But I decline to go further. I decline to grant an injunction. That is a formidable legal weapon, which ought to be reserved for less trivial occasions." Llandudno Urban Council v. Woods, [1899], 2 Ch. Div. 705.

In the instant case, it is clear that appellant has been deprived of no subtantial property right. The learned trial judge found that her expulsion was regular and proper. I incline to think he was right. However, assuming the expulsion was wrongful and unjustified, appellant, if she can prove damage therefrom, may have her remedy to collect it. Certainly no judicial fiat can reinstate appellant in pleasant and harmonious relations with the 123 out of

125 members of the History Club, who requested her resignation and followed up that occasion by causing her expulsion, and I do not think appellant is entitled to invoke the "formidable legal weapon" of mandamus under the circumstances of this case."