MIDWEST OIL CO., Appellant, v. YOUNGQUIST, Respondent

(11 N. W.2d 662.)

(File No. 8620. Opinion filed October 27, 1943.)

Rehearing Denied December 28, 1943.

**Danforth & Danforth,** of Sioux Falls, for Plaintiff and Appellant.

**George T. Mickelson,** Atty. Gen., and **Charles P. Warren,** Asst. Atty. Gen., for Defendant and Respondent.

ROBERTS, P.J. This is a mandamus proceeding instituted in the Circuit Court of Minnehaha County against the State Treasurer. The application for the writ alleges that plaintiff is engaged in the business of selling at wholesale and retail gasoline and other petroleum products; that a water main in a street in the city of Aberdeen adjacent to the premises where plaintiff maintains underground gasoline tanks broke; that the water through the break in the pipe continued to flow for several hours and "attained the proportions of a terrific flood, flowing over ground and under ground, and flowed in and about the under ground tanks of the plaintiff with great force" breaking the tanks and causing gasoline therein to escape; and that defendant refuses to allow plaintiff to deduct from subsequent tax payments to the state the amount of tax paid on the gasoline lost by reason of the flood. Defendant moved to dismiss the proceeding on the grounds that the court was without jurisdiction and that the application for the writ did not state facts sufficient to entitle plaintiff to relief. The trial court sustained the motion and plaintiff has appealed.

■■ A writ of mandamus is a command issuing from a court of competent jurisdiction requiring the "performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station" when "there is not a plain, speedy, and adequate remedy, in the ordinary course of law." SDC 37.4501, 37.4502. It is clear that the writ will be granted only when the plaintiff has no other clear, adequate and complete method of redressing the wrong or of obtaining the relief to which he is entitled. Taubman v. Board of Com'rs, 14 S. D.· 206, 84 N. W. 784. In Wilbur v. United States ex rel. Kadrie, 281 U. S. 206, 50 S. Ct. 320, 324, 74 L. Ed. 809, it is stated: "Mandamus is employed to compel the performance, when refused, of a ministerial duty, this being its chief use. It also is employed to compel action, when refused, in matters involving judgment and discretion, but not to direct the exercise of judgment or discretion in a particular way nor to direct the retraction or reversal of action already taken in the exercise of either." To the same effect are decisions of this court. Stephens et al. v. Jones et al., 24 S. D. 97, 123 N. W. 705; Farmers' Loan & Trust Bank v. Hirning, 42 S. D. 52, 172 N. W. 931; First Nat. Bank v. Hirning, 48 S. D. 417, 204 N. W. 901; State ex rel. Cook v. Richards, 61 S. D. 28, 245 N. W. 901. With the foregoing established rules in mind, we turn to the pertinent provisions of statute.

SDC 57.3802, as amended by § 1, Chap. 350, Laws 1941, provides for the imposition of a tax in the following language: "A tax of four cents per gallon or fraction thereof is imposed on all motor fuel sold or used in this state but said tax shall be paid but once."

SDC 57.3804, providing for deduction for losses, reads as follows: "Each dealer shall be allowed to deduct four per cent of the total gallonage received by him during every calendar month to cover his losses in handling such motor fuel, expenses incurred in preparing monthly reports, accounting for and collection of such taxes, and shall also be allowed to deduct the motor fuel tax for all motor fuel lost or destroyed by fire, lightning, flood, tornado, windstorm,

and explosion. For the purposes of this chapter, no losses shall be allowed in excess of those provided above, and the tax provided by this chapter shall be paid upon the gallonage received each month less the deductions allowed by this section."

SDC 57.3806, requiring monthly reports, reads as follows: "Each and every dealer in motor fuel shall, on or before the fifteenth day of each calendar month, render to the State Treasurer a statement under oath showing separately the number of gallons of motor fuel purchased, imported, received, sold, distributed, and used by him in the state of South Dakota during the preceding calendar month and also the amount thereof lost or destroyed by fire, flood, tornado, wind, storm, and explosion, the amount exported and the amount on hand at the close of business for each calendar month and such further information as the said Treasurer may prescribe. Such report shall be on the forms prescribed and furnished by the State Treasurer and shall be sworn to by an officer or agent in case of corporations, and by the owner or agent in case of a firm, association, or individual."

SDC 57.3813, as amended by Chap. 299, Laws 1943, providing a remedy for recovery of taxes wrongfully collected, reads as follows: "No suit shall be maintained in any court to restrain or delay the collection or payment of the tax herein imposed upon any ground whatever, but the aggrieved taxpayer shall pay the taxes when due, and if paid under protest, may at any time within two years from the date of such payment, sue the State Treasurer in an action of law in the Circuit Court of the County where the taxpayer resides, to recover the tax so paid, with legal interest thereon from the date of payment. If it is legally determined that said tax or any part thereof was wrongfully collected for any reason, it shall be the duty of the State Auditor then in office to issue his warrant on the State Treasurer for the amount of such tax so adjudged to have been wrongfully collected, together with interest thereon, and the Treasurer shall pay same out of the fund or funds to which

said tax was credited. A separate suit need not be filed for such separate payment made by any taxpayer, and a recovery made be had in one suit for as many. illegal payments as may have been made, and which are not barred by the limitation of two years herein imposed."

This is not a case where plaintiff seeks simply to compel action. Defendant did act when he refused to allow on the subsequent tax payments credit for the taxes paid on gasoline allegedly lost because of flood. If the treasurer had a discretion in that action, it cannot be controlled by mandamus. Plaintiff, however, predicates his application for writ of mandamus upon the theory that defendant treasurer under a given state of facts must without regard to judgment or discretion follow the mandate of the statute and allow a deduction and that the situation is not altered because the treasurer must make a preliminary determination as to the existence of facts upon which request for deduction is made. Assuming that the duty enjoined upon the treasurer in ministerial as distinguished from quasi judicial, yet the duty as we have indicated is not necessarily enforceable by mandamus.

Defendant contends that under these provisions of statute plaintiff had the right, upon refusal of the State Treasurer to allow a deduction, to pay the full amount under protest and then to bring an action to recover the amount in controversy and that plaintiff thus had an equally adequate and complete remedy. On the other hand, plaintiff insists that the tax on the gasoline allegedly lost by flood was rightfully paid, but subsequently became deductible and that the statute providing a remedy for recovery of taxes wrongfully collected did not give plaintiff a right to proceed thereunder so as to preclude a resort to mandamus.

It is apparent that the statute providing for payment of taxes under protest and for an action against the State Treasurer to recover taxes so paid furnishes a plain, speedy and effective remedy to a taxpayer to whom the statute is applicable. A dealer is required to pay the tax provided by statute on the gallonage received during the

month for which a report is made less the deductions allowed. If the State Treasurer exacts an amount in excess of the tax on the gallonage received less authorized deductions, such amount is within the terms of the statute "wrongfully collected," and if paid under protest, claimant has the right within two years of date of payment to institute an action for its recovery. With such remedy available, a resort to mandamus is precluded.

The order appealed from is affirmed.

All the Judges concur.