SMITH, Respondent

v.

OTTER TAIL POWER COMPANY, Appellant

(123 N.W.2d 169)

(File No. 9992. Opinion filed September 6, 1963)

Rehearing denied December 19, 1963

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, **Field, Arvesen, Donoho & Lundeen,** Fergus Falls, Minn., for Defendant and Appellant.

**Louis H. Smith,** Sioux Falls, for Plaintiff and Respondent.

ROBERTS, J. This is a mandamus proceeding instituted in the Circuit Court of Moody County to compel defendant electric company to discontinue the furnishing of electrical light and power service to plaintiff. The application for the writ alleges that plaintiff is the owner of a farm in Moody County; that plaintiff no longer desiring such service from the defendant notified the company to discontinue the furnishing of electrical services to his farm; and that defendant has failed and refused to do so. On the application the court below issued its alternative writ of mandamus commanding the defendant to forthwith disconnect and discontinue all electrical service to the property of the plaintiff or to show cause why it had not done so.

In the answer to the alternative writ defendant asserts that mandamus is not the proper remedy to compel a public service corporation to discontinue electric service; that if an electric company may be compelled when the facts warrant in such a proceeding to discontinue service, plaintiff had no legal right to the relief sought; that defendant is a public service corporation engaged generally in the business of generating, distributing and selling electric energy to the public including the area of plaintiff's farm; that defendant made expenditures in extending and bringing electric service to plaintiff at that location; that defendant is informed and believes and therefore alleges that plaintiff has no intention or desire of discontinuing the receiving of electric service at his farm; that the Sioux Valley Empire Electric Association, an electric cooperative, cannot legally furnish electric service to plaintiff for the reason that he is now receiving central station service from another utility; and that the purpose of the present proceeding is "to compel a disconnection of plaintiff's service from defendant, and thus create an artificial situation of the appearance of a new customer without electric service" entitling him to apply and receive electrical service from the cooperative mentioned.

██ Mandamus is a special proceeding as distinguished from an action. SDC 1960 Supp. 33.0102; Mitchell Nat. Bank v. Jones, 51 S.D. 202, 212 N.W. 919. It will not issue where there is a plain, speedy and adequate remedy available in the ordinary course of law. SDC 1960 Supp. 37.4502; Midwest Oil Co. v. Young-

quist, 69 S.D. 461, 11 N.W.2d 662. Though issuance of a writ of mandamus is to a certain extent a matter of judicial discretion, a court cannot refuse a writ where one has a clear legal right with no other remedy to enforce it. City of Sioux Falls v. Sioux Falls Traction System, 53 S.D. 471, 221 N.W. 84. SDC 1960 Supp. 37.4501 provides: "The writ of mandamus may be issued by the Supreme and Circuit Courts, to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board, or person."

■■ A private corporation may be compelled my mandamus in the absence of other adequate remedy to perform a specific duty imposed upon it by law. 55 C.J.S. Mandamus, § 211. In Amidon v. Florence Farmers' Elevator Co., 28 S.D. 24, 132 N.W. 166, an action in mandamus to compel defendant corporation or its officers to transfer stock on its books where the title to the stock was not in dispute, this court observed: "There is irreconcilable conflict in the decisions of the courts in the various states on the question as to whether or not mandamus is a proper remedy to compel the transfer of corporation stock on the books of the company. * * * At common law the remedy by mandamus would not lie to compel such transfer, but by reason of the statutory enlargement of the remedial scope of the mandamus procedure, and the statutes defining the rights of stockholders and duties of corporation officers of recent years many decisions are found holding that mandamus is a proper remedy." In Sioux Falls v. Sioux Falls Traction System, supra, a city ordinance required defendant corporation which had been granted a franchise to operate a street railway in the City of Sioux Falls to pave when ordered by the city that portion of a street between rails and one foot on the outer side of each rail. This court held that the company could be compelled by mandamus to perform the legal duty imposed upon it by the ordinance. It was there observed that courts have long since departed from their former strict adherence to the old common law rule that mandamus is a prerogative writ being formerly confined exclusively to

matters of a public nature. See also Howard v. City of Huron, 5 S.D. 539, 59 N.W. 833, 26 L.R.A. 493; Heintz v. Moulton, 7 S.D. 272, 64 N.W. 135. It is also said that when a trial court has exercised in the first instance its discretion relative to the issuance of a writ its judgment will not be disturbed unless an abuse of discretion is shown. In the case of Simonson v. History Club, 55 S.D. 534, 226 N.W. 750, it was contended that mandamus was available as a remedy to reinstate a member expelled from an incorporated club. It is there indicated that when the facts warrant mandamus will lie to compel a corporation to restore a member to his privileges and rights, but the discretionary power of the court may be exercised and the writ denied if restoration would prolong discord and not redress a wrong or secure a right. Cf. State ex rel. Smith v. Miers, 49 S.D. 96, 206 N.W. 236.

The defendant as we have stated is a corporation engaged in rendering a public service and its duties to the public collectively and individually may arise by implication of law. As stated by the court in Florida Power & Light Co. v. State ex rel. Malcolm, 107 Fla. 317, 144 So. 657: "It is the general rule in this state as well as most, if not all, of the others, that a corporation which occupies streets and highways, with its mains, pipes, or wires, and is engaged in the business of furnishing gas or electricity for light, heat, fuel, or power, is under a legal duty to supply the same to any person who applies therefor and complies with its reasonable regulations, and, if it wrongfully refuses to do so, mandamus will lie." On the general subject of mandamus to compel service by a utility see annotation in 83 A.L.R. 947. In the recent case of Johnson v. Interstate Power Company, D.C., 187 F. Supp. 36, the United States District Court for South Dakota had before it a like or similar situation to that presented in the instant case. Plaintiffs sought a writ of mandamus to compel defendant electric company to disconnect service and lines to their properties. The court concluded that mandamus was the proper remedy to enforce compliance.

It is a general rule in this state as defendant contends that the legal right of a plaintiff to the performance of the act of which performance by mandamus is sought must be clear and complete and that a writ will not issue where it appears that

the act sought to be coerced will lend itself to an improper or unlawful purpose. Bailey v. Lawrence County, 2 S.D. 533, 51 N.W. 331; Hlebanja v. Brewe, 58 S.D. 351, 236 N.W. 296. The territory in which plaintiff's farm is situate is served by both the defendant electric company and the Sioux Valley Empire Electric Association, Inc., which converted its corporate existence under the Electric Co-operative Law (SDC 1960 Supp. 11.22) into a cooperative, non-profit corporation. A cooperative corporation organized as declared by statute for the purpose of supplying electric energy and promoting and extending the use thereof in rural areas is authorized to supply electricity "to its members, to governmental agencies and political subdivisions, and to other persons not in excess of ten per centum of the number of its members." SDC 1960 Supp. 11.2202, 11.2204; Meyers v. Lux, 76 S.D. 182, 75 N.W.2d 533. We have been cited to the Rural Electrification Act of 1936, 7 U.S.C.A., § 901 et seq, which authorizes the loaning of federal funds to "persons  *  *  *  and cooperative, nonprofit, or limited-dividend associations, organized under the laws of any State or Territory of the United States, for the purpose of financing the construction and operation of generating plants, electric transmission and distribution lines or systems for the furnishing of electric energy **to persons in rural areas who are not receiving central station service."** It is insisted by defendant that the state and federal statutes construed together deny to Sioux Valley the right to take over and furnish electric service to persons in rural areas who are receiving central station service. Decisions are cited construing similar statutes. Arkansas Electric Coop. Corp. v. Arkansas-Missouri Power Co., 221 Ark. 638, 255 S.W.2d 674, 98 PUR (NS) 33; Tampa Electric Co. v. Withlacoochee River Elec. Coop.,Fla., 122 So.2d 471; State ex rel. Southwestern Gas & Electric Co. v. Upshur Rural Electric Cooperative Corp., 156 Tex. 633, 298 S.W.2d 805, 18 PUR 3d 53. In our view construction of these statutes is not relevant to any issue in the proceedings before us. No contract obligation is involved. Moreover, if defendant had complied with the alternative writ or the request made before its issuance, it could not be said that defendant lent assistance to the accomplishment of an improper or unlawful purpose. We are concerned with the lawfulness of the act which plaintiff now seeks to have performed. Defendant does not have as it alleges in its

answer a "public utility right to continue to furnish electric service to the plaintiff" despite the request for discontinuance. We agree with the trial court that the relief sought is germane to a clear and absolute right of the plaintiff to a discontinuance of electric service to his premises regardless of the motive which induced him to desire it.

Judgment appealed from is affirmed.

All the Judges concur.