HORN, Respondent v. KAUPP et al., Appellants

(147 N.W.2d 607)

(File No. 10317.  Opinion filed January 4, 1967)

**Herman & Wernke,** Gregory, for defendants and appellants.

Ibbotsons s Article 31 of By-Laws.

puted that the votes cast were correctly tabulated and Voelzke and Horn received the largest number of votes. Both accepted the offices to which they were elected and assumed their duties as members of the board of directors.[5]

■ ■ In our opinion the board of directors exceeded its authority when it declared the election void and unseated Horn. Horn had become a member of the board of directors. The general rule is stated in 19 Am.Jur.2d, Corporation, § 1107, p. 547:

> "As regards officers elected by the corporation itself, there is no implied power of removal vested in the directors. Officers so elected derive their title to their respective offices from the same source as the directors, and they can be removed only by the power that appointed them. For the same reason the board of directors has no inherent power to remove one of its number." ·

See also 19 C.J.S. Corporations § 738(2), p. 72, 2 Fletcher Cyclopedia Corporations, Permanent Edition, § 357; Annotation 63 A.L.R. 781.

In Wharton v. Fidelity-Baltimore National Bank, 222 Md. 177, 158 A.2d 887, the court said:

> "Ordinarily, a director is not subject to dismissal by the board or by any officer thereof, nor can he hire or discharge any employee. Nor can he be discharged by the officers, his fellow directors, by any stockholder or any employee or agent of the Company. He can be removed only through action by the stockholders."

No contention is made that the board of directors is empowered by statute[6] or bylaw to remove a director.

---

5. Section 1 of Article 2 of Bylaws which designates the number and terms of directors states: "All directors shall hold office until their successors are elected and qualified." Generally, unless required by statute, bylaw, or custom, no formal acceptance is necessary. "If a person enters upon the duties of an office after his election or appointment, it is a sufficient acceptance, or rather, sufficient ground for implying acceptance, in the absence of proof to the contrary." 2 Fletcher Cyc. Corp § 314 See also 19 C.J.S. Corporations § 727; 19 Am.Jur.2d., Corporations, § 1085; Blish v. Thompson Automatic Arms Corporation, 30 Del.Ch. 538, 64 A.2d 581, 602; DuBois v. Century Cement Products Co., 119 N.J.Eq. 472, 183 A. 188, 190.

6. SDC 11.0704: "No director shall be removed from office unless by a vote of two-thirds of the members or of stockholders holding two-thirds of the capital stock at a general meeting held after notice of the time and place and of the intention to propose such removal * * *."

SDC 11.0703 provides:

"Upon the application of any person or body corporate aggrieved by any election or proceedings thereof held by any corporate body, the Circuit Judge of the circuit in which such election is held must proceed summarily to hear the allegations and proofs of the parties or otherwise inquire into the matter of complaint, and thereupon confirm the election, order a new one, or direct such other relief in the premises as accords with right and justice. Before any such proceedings are had, five days notice thereof must be given to the adverse party or those affected thereby in such manner as the Court may order."

This statute is applicable to cooperative corporations. SDC 11.0101. If Kaupp, the defeated candidate, or Meyer, a stockholder, was dissatisfied with the election or the manner in which it was conducted and wished to contest, he was entitled to proceed under the statute, or possibly by some other judicial recourse, 5 Fletcher Cyclopedia Corporations, § 2073, but the complaint to the board on which Kaupp purported to serve and its action thereon was a nullity.

Appellants have raised a number of constitutional questions on method of voting and procedural statutes available to stockholders on election matters. Since the trial court must be sustained for the reasons stated we are not warranted to pass upon the constitutional matters argued by appellants. Ehlers v. Jones, 81 S.D. 351, 135 N.W.2d 22; Goetsch v. Home Owners' Loan Corporation, 67 S.D. 194, 291 N.W. 575.

Judgment affirmed.

ROBERTS, HANSON and BIEGELMEIER, JJ., concur.

RENTTO, J., not participating.