KROEGER et al., Respondents
v.
SIOUX FALLS HUMANE SOCIETY et al., Appellants

(163 N.W.2d 539)

(File No. 10546. Opinion filed December 19, 1968)
Rehearing denied January 24, 1969

**Richard O. Gregerson, Woods, Fuller, Shultz & Smith,** Sioux Falls, for petitioners and respondents.

**Louis H. Smith,** Sioux Falls, for respondents and appellants.

BIEGELMEIER, Judge.

The Sioux Falls Humane Society is a charitable, nonprofit, nonstock corporation having members only. Article I of its by-laws provides any person interested in promoting the purposes of the Society shall be eligible for membership upon approval of the Board of Directors, and another fixes annual dues at $1.00. On January 16, 1967 the Society had 12 qualified members not counting the petitioners in this action. The annual meeting which should have been held on that date was postponed to January 23rd, and from January 16th to January 23rd before that meeting petitioners paid the secretary the $1.00 annual dues for 1967, which dues were received by the secretary-treasurer and deposited in the Society's account. Petitioners appeared and voted at the annual meeting at which, among other things, three directors were elected. As the minutes show petitioners Jean R. Kroeger and Robert M. Christensen were two of the three persons elected directors. They met with the other directors at the regular meeting of the Board of Directors following the annual meeting of the members, and thereafter until July 1967 received notice of all meetings of the Board of Directors, except one meeting hereafter mentioned. They were also present at several meetings of the Board and when present, as the minutes thereafter approved show, took part in discussions and voted as directors on all issues before the Board without objection from the other directors or members. On August 8, 1967, without notice to said petitioners, Kroeger and Christensen, five of the other directors attended a special meeting and voted to return the membership fees paid to the Society to those persons who have paid such fee but "who have not been approved as members of this Society by this Board of Directors", and another motion which declared two vacancies on the Board of Directors due, as the minutes state, "to the fact that Jean R. Kroeger and Dr. Christensen were not

elected by legal members of this Society, who had at the time of such election been approved by this Board."

Petitioners filed a petition for an alternate writ of mandamus in the circuit court to which respondents filed an answer. The proceeding was submitted to the court upon a stipulation of facts with exhibits attached thereto upon which the trial court granted the petition ordering respondents to reinstate petitioners to all the privileges of the Sioux Falls Humane Society and petitioners, Jean R. Kroeger and Robert M. Christensen, to the Board of Directors thereof.

■ For clarity the designation of the parties as they appeared in the trial court as petitioners and respondents will be continued here. Respondents contend that some formal action of the Board of Directors such as a motion, second and recorded action was necessary to show approval of members. Neither the Articles of Incorporation nor the Bylaws so require nor is there any mention of how this approval should be made. There being no requirement of that kind, approval may be deemed to follow by actions of the Board, in allowing the petitioners to attend the annual meeting, nominate candidates for directors and vote there as members. Prior thereto for over a period of a week, they had paid the stated annual dues which were accepted and deposited in the corporation's bank account by its proper officers. This was followed by the recognition of the two directors from this group as such for several months. Article II of the bylaws required the directors shall be "elected from the members in good standing of the society" and it should not be assumed nor may the Board or the Society it represents be heard now to say that it permitted a violation of that bylaw in order to deny the persons so acting the offices to which they were elected.

In Horn v. Kaupp, 1967, 82 S.D. 437, 147 N.W.2d 607, the court in footnote 5 stated "unless required by statute, bylaw, or custom, no formal acceptance (of the office of director of a corporation) is necessary." As a corollary to that, acceptance or approval of a member of a corporation need not be by resolution or any formal action, absent such express requirement. The

past custom of the corporation and its boards confirms this conclusion. In the almost 50 years of the corporation's existence the record shows no formal approval of any member until the August 8th Board meeting when the resolutions were passed attempting to oust petitioners from membership at which time a further motion was passed to accept persons named therein as members. This list included and "accepted" as members for the first time the individual respondents who were themselves the acting directors. On the premise such formal action was necessary as claimed by respondents, they were not members when elected and thus not eligible to be directors. The trial court could properly conclude the petitioners were members in good standing.

■ Respondents contend no property rights are involved and, quoting from Simonson v. History Club, 55 S.D. 534, 226 N.W. 750, they argue the trial court erred in granting mandamus. While the court there mentions no property rights were involved it had prior thereto stated the end to be obtained by membership in the History Club, as appeared in its Articles, was to make each member more efficient in her home, broader in her sympathies and more forceful in raising the standard of civic morality, and these were desirable objectives to be attained only through mutual and reciprocal contacts of a purely social character. It wrote: "Courts must realize the impossibility of compelling such (social) relations." We believe that feature bore great weight in the History Club result.

There is significant difference in the purpose of the Humane Society for its purposes are:

"The purposes for which this corporation is formed are, to obtain and record information concerning the condition of dependent, neglected, and abused, or viciously reared children and of neglected and abused dumb animals, in the City of Sioux Falls, South Dakota; to study the cause of abuse in such cases; to promote uniform and efficient legislation for the protection of children and animals; to secure the enforcement of laws for their protection; to urge humane education in the

public schools; to educate public sentiment concerning the rights and proper treatment of children and dumb animals; and to appoint officers for the purpose aforesaid; and in general to do and perform all other acts conducive to the best interests of our society, and to enable it to carry out and perform the purposes aforesaid."

These purposes do not appear to be social but matters of public interest and concern; they show goals to be attained by action to accomplish these ends. From the record we learn a part of the corporation's activities to be the hiring of employees and the ownership and operation of a building and a kennel for custody of stray dogs under a contract with the City of Sioux Falls. The minutes show considerable business was discussed and transacted with reference to these activities, none of which has a social aspect, but rather actual public service to fulfill its purposes and commitments. Petitioners as members bore some responsibilities to fulfill the corporation's purposes and to have their membership determined by a court and protection if wrongly deprived thereof. The court recognized this in Simonson where it said the writ of mandamus should be denied where it "cannot redress a wrong". Petitioners were wrongfully deprived of membership in a corporation not social in character.

There is another difference between the Simonson appeal and the present appeal, for in the former the trial court denied the writ and in the present appeal the trial court granted it. The court in Smith v. Otter Tail Power Co., 1963, 80 S.D. 327, 123 N.W.2d 169, wrote "when a trial court has exercised in the first instance its discretion relative to the issuance of a writ its judgment will not be disturbed unless an abuse of discretion is shown." While that discretion must of course be a legal discretion, we see no abuse of it here.

■ Respondents urge there was a misjoinder of causes of action in that all petitioners ask to be reinstated to all the privileges of the corporation as members and two of them as directors. Petitioners counter by reference to RCP 18(a), 18(b) and 20(a) relating to contents of pleadings and claims permit-

ted therein. We believe there is no misjoinder here for the reason the real and only issue is whether petitioners, including Jean R. Kroeger and Robert M. Christensen, were members of the Humane Society. We have approved the court's ruling they were members. That they were not such members was the only reason given for passage of the resolution which declared vacancies in their offices as directors; that assumption having no validity, the resolution had no effect. Being members, their election as directors, not challenged for any other reason, remained in force and their reinstatement as directors followed as a matter of course. The trial court did not err in so declaring; that would have been the result if this relief had not been specifically requested or granted.

We have not overlooked respondents' statement petitioners have not alleged they were interested in promoting the purposes of the Society. This was not the basis for the Board action of August 8, 1967 and respondents cannot now be heard to assert it.

The judgment appealed from is affirmed.

All the Judges concur.