GRIGGS, Respondent, v. HARDING COUNTY, S. D., et al,
Appellants

(3 N. W.2d 485.)

(File No. 8491. Opinion filed April 30, 1942.)

**Caldwell & Burns,** of Sioux Falls, for Appellants.

**Dan McCutcheon,** of Belle Fourche, for Respondent.

ROBERTS, J. Plaintiff, widow and dependent of John Emmett Griggs, who was at the time of his death the county highway superintendent of· Harding County, this state, instituted this proceeding against Harding County and its insurer to recover compensation under the Workmen's Compensation Law. The industrial commissioner found that deceased was an employee of the county and that his death was caused by an accident arising out of and in the course of the performance of services as county highway superintendent. From a judgment of the circuit court affirming an award, defendants appeal.

This appeal presents the question whether the status of the deceased was that of an employee or of a public officer to whom the provisions of the Workmen's Compensation Law do not apply.

SDC 64.0102 provides that the term "employer" as used in the Workmen's Compensation Law shall include "the state and any municipal corporation within the state or any political subdivision of this state." This section further provides that the term "employee" as used in the statute shall include "every· person, * * * in the services of another under any contract of employment, express or implied," but excludes from its operation "Any official of the state or of any county, municipality, or school district therein, elected or appointed for a regular term of office or to complete the unexpired portion of any such term."

■ A public office as distinguished from mere employment involves a delegation to the person filling the office of some part of the functions of government to be exercised by him for the benefit of the public. The distinction is clearly stated in 53 A. L. R. 595: "It may be stated, as a general rule deducible from the cases discussing the question, that a position is a public office when it is created by law, with duties cast on the incumbent which involve an exercise of some portion of the sovereign power and in the performance of which the public is concerned, and which also are continuing in their nature and not occasional or intermittent; while a public employment, on the other hand, is a position which lacks one or more of the foregoing elements."

There are other criterions, such as a fixed tenure of position, the taking of an oath of office and the giving of an official bond that distinguish a public office from employment. These are not absolute criterions, but may be considered with other elements.

The Supreme Court of Iowa in the case of McKinley v. Clarke County et al., 228 Iowa 1185, 293 N. W. 449, had before it for determination the right of a widow to recover workmen's compensation for the accidental death of her husband arising out of and in the course of the performance of services connected with his position as county engineer. The county board was authorized to employ an engineer to superintend construction and maintenance work on highways within the county and to perform other duties prescribed by statute. The court concluded that the statute delegated certain sovereign powers to county engineers and that the duties performed by the deceased at the time of his death would not constitute him an employee so as to make his death compensable under the Workmen's Compensation Law.

In the case of Miller v. Board of Commissioners of County of Ottawa, 146 Kan. 481, 71 P.2d 875, plaintiff contended that the contract whereby he was employed as a county engineer was impaired by an amendatory statute reducing the amount of his monthly salary. The statute

prescribed at length the duties of a county engineer. He was required, among other things, to prepare plans, specifications and estimates for roads, bridges and culverts; to act for the county in all matters relating to construction and maintenance of highways and bridges; to advise township and county officers with reference to highway construction; and to keep specified records. The court concluded that plaintiff appointed by the county board as county engineer under authority of statute was a public officer whose salary could be reduced by a subsequent legislative act.

In the case of Coulter v. Pool, County Auditor, et al., 187 Cal. 181, 201 P. 120, 122, it was held that a statute created a public office notwithstanding a legislative declaration to the effect that it was not the purpose of the legislature to create a public office. The court said:

"At the outset we are satisfied that the act in question contemplates the creation of a county office, and does, in fact, provide for something more than a mere employment by the board of supervisors of a person to be known as the county engineer. And we are convinced that this is so despite the verbiage of the act, industriously employed, which, among other things, declares that the county engineer appointed by the board of supervisors 'shall be deemed an employee and not a county officer * * * subject to the control and supervision of the board of supervisors.' * * *

"Its definition and application depend, not upon what the particular office in question may be called, nor upon what a statute may call it, but upon the power granted and wielded, the duties and functions performed, and other circumstances which manifest the true character of the position and make and mark it a public office, irrespective of its formal designation."

See, also, 22 R. C. L. 379; 46 C. J. 927, 928; notes in 10 A. L. R. 201, 44 A. L. R. 1477, 53 A. L. R. 595, and 93 A. L. R. 333.

 The question whether a county highway superintendent is to be regarded as a public officer must be determined by consideration of the nature of the services to be

performed and the duties imposed upon him. This position was first created by Chap. 333, Laws 1919. See In re Dwyer, County Highway Superintendent, 49 S. D. 350, 207 N. W. 210. This was a comprehensive statute providing for three systems of highways, namely, state, county and secondary. Section 15 of this Act required the board of county commissioners to "employ a County Highway Superintendent at a compensation not less than $1200 per annum and all expenses actually and necessarily incurred in the performance of his duties to be paid out of the general funds of the county, as may be fixed by the Board of County Commissioners, provided that all appointments * * * be approved by the Highway Commission." This section required a county highway superintendent to furnish a bond to the county for the faithful performance of his duties, and specified a tenure of two years which could be terminated by the board of county commissioners "for cause with the approval of the Highway Commission or by the Highway Commission for incompetency." The county highway superintendent by this section was given "charge of all road construction and maintenance in the county, subject to the approval of the Board of County Commissioners," and in case of disagreement between the county board and the county highway superintendent an appeal could be taken to the state highway commission whose decision was final. This section was amended at the second special session of the legislature in 1920, Chap. 89, to provide that the "County Highway Superintendent shall not hold any other public office, within the county, or receive any compensation, salary or fees from any public source while acting in said capacity." Sections 19, 55 and 59 of the 1919 Act required the county highway superintendent to perform duties imposed upon him by the state highway commission and to comply with the rules and regulations of the commission. The highway superintendent was authorized under the provisions of section 19 to employ an engineer. Section 20 required the county highway superintendent under the direction of the board of county commissioners to "make or have made a survey, and prepare or have prepared

plans, specifications and estimates" for any permanent improvement upon the county highway system. Section 28 required all claims for construction work on the county highway system to be certified by the county highway superintendent before allowance by the board of county commissioners. Under section 34, the county highway superintendent was given supervision of construction of all bridges built by the county, and was given the power to appoint an inspector for the construction of any bridge when in his judgment it was necessary, and under the provisions of section 35 he was authorized to hire a foreman and workmen and to purchase necessary materials for the construction of any bridge "built by day labor." The county highway superintendent under section 43 was "charged with the actual direction and supervision of all maintenance work in the county." This statute prescribed other duties, but it is not necessary to make further recital of its provisions to determine the status of a county highway superintendent.

 The incumbent of the position created by this statute exercised powers and duties, which were continuing and permanent in nature, bestowed by law with the right of appeal to the state highway commission in certain cases of disagreement with the county board. They included duties performed independently and without the control of the county board. We conclude from a consideration of the duties and responsibilities cast upon a county highway superintendent that the legislature created a public office. Conceding the correctness of this conclusion, counsel contends that the elements of a public office are lacking in the present statute. We have referred to the 1920 Amendment of Sec. 15 of Chap. 333, Laws 1919. This section was subsequently amended by Chap. 138, Laws 1927, and Chap. 119, Laws 1933, which presently became SDC 28.0304. This statute as amended in 1933 provides that a county board "at their discretion may annually employ a County Highway Superintendent, the salary and expenses to be paid out of the motor vehicle fund of the county." The "tenure of office" may be terminated at any time by resolution of the board

upon thirty days' notice. In other words, the tenure is now one year unless the incumbent is sooner removed by the county board in the manner provided by statute. State ex rel. Ayres v. Kipp, 10 S. D. 495, 74 N. W. 440. The question whether a public position is a public office or an employment is primarily one of statutory powers and duties. When the present provisions were enacted in 1933, the powers and duties of an incumbent of an office were prescribed by statute. The amendment did not purport to abolish or restrict the functions of such office, and we are convinced that the amendment did not change the status of a county highway superintendent. It follows that decedent was not an "employee" within the meaning of the term as defined by the Workmen's Compensation Law.

The judgment appealed from is reversed. No costs will be taxed on appeal.

All the Judges concur.