STATE ex rel. HOOPER, Respondent, v. HAHN, et al, Appellants

(9 N. W.2d 502.)

(File No. 8583. Opinion filed May 14, 1943.)

**G. F. Johnson,** of Gregory, for Appellants.
**W. J. Hooper,** of Gregory, for Respondent.

ROBERTS, P.J.   A petition signed by the required number of electors in the City of Gregory proposed an ordinance fixing the salaries of all municipal officers.   Upon refusal of the council to submit the ordinance to the electors of the city, an alternative writ of mandamus was issued by the circuit court upon the relation of a resident, elector and taxpayer requiring the mayor and the city council either to enact the ordinance or submit it to a vote of the electors or show cause why they had not done so.   Defendants answered and in justification of their refusal to submit the ordinance claim that the petition filed with the city auditor does not comply with the requirements contained in the constitution and the statutes and that it provides salaries for nonexistent officers.   It is also alleged in the answer that the alternative writ "was made returnable in a shorter time than contemplated or allowed by law."   The mandamus proceeding coming on for hearing, the learned trial court gave judgment for the relator and issued a peremptory

writ, the mandate of which reads: "You are hereby commanded to forthwith meet as the Common Council of the City of Gregory and to adopt the said proposed ordinance, and after its final enactment to submit it to a vote of the electors of the City of Gregory as prescribed by law, within thirty days after the final enactment of the said ordinance." Defendants have appealed.

Section 1, Art. III, state constitution, provides: "The legislative power of the state shall be vested in a legislature, * * * except that the people expressly reserve to themselves the right to propose measures, which measures the legislature shall enact and submit to a vote of the electors of the state, * * * Provided, that not more than five per centum of the qualified electors of the state shall be required to invoke either the initiative or the referendum. * * * This section shall apply to municipalities. * * * The legislature shall make suitable provisions for carrying into effect the provisions of this section."

The provisions of statute here pertinent read:

"The right to propose ordinances for the government of any municipality shall rest with any five per cent of the electors thereof, such percentage to be based upon the whole number of electors voting at the annual municipal election preceding the proposal of the ordinance in question." SDC 45.1018.

"When a petition to initiate is filed with the auditor or clerk he shall present the same to the governing body at its first ensuing regular or special meeting.

"The governing body shall enact the proposed ordinance and shall submit it to a vote of the electors in the manner prescribed for a referendum within thirty days after final enactment." SDC 45.1020.

"No initiated ordinance shall become operative unless approved by a majority of the votes cast for and against the same.

"If so approved, it shall take effect upon completion of the canvass of the election returns relating thereto." SDC 45.1021.

Prior to the enactment of the Code of 1939, the statute provided that if an initiated "ordinance be not adopted," it must then "be submitted to a vote of the electors." § 6263, Rev. Code 1919. From the foregoing provisions of the Code of 1939, it will be noted that it is expressly provided that the "governing body shall enact the proposed ordinance and shall submit it to a vote of the electors", but it shall not "become operative unless approved by a majority of the votes cast."

■ The initiative petition in question sought alternative action, that is, enactment of the ordinance or submission to a vote of the electors in the manner required by law. The law confers upon the electors the power to propose their own ordinances or resolutions, provided they follow certain procedure in submitting the same to a vote. We do not believe that the language of either the constitution or the statute indicates an intention to deprive the governing body of a municipality of the right to enact an ordinance which has been initiated by the filing of a petition. If, however, the governing body is opposed to an initiated measure, the reference procedure must then be followed. The change of the language by the code commission must have been made, not for the purpose of preventing the governing body voluntarily enacting an initiated ordinance or resolution, but for the purpose of more clearly expressing the necessity of enacting an initiated measure before submission as required by the constitution.

■ Mandamus will not be granted when it would be unavailing. City of Sioux Falls v. Sioux Falls Traction System et al., 53 S. D. 471, 221 N. W. 84; Simonson v. History Club et al., 55 S. D. 534, 226 N. W. 750. It is claimed that the ordinance in question is invalid and that the writ of mandamus should not have been issued. The contention of defendants is predicated upon the proposition that the manager of the municipal liquor store and the commissioner of streets are employees and not officers of the city and that the provisions of the proposed ordinance fixing the salaries of the offices of manager of the liquor store and of

street commissioner can have no effect and would be invalid if enacted.

Defendants do not contend that the fixing of the compensation of municipal employees is not within the purview of the initiative provisions of the constitution and the statutes.

■■ It is true that the proposed ordinance refers only to fixing the amount of salaries of municipal officers. An office may be defined as a public position, but it does not follow that every public position is an office. Griggs v. Harding County et al., 68 S. D. 429, 3 N. W.2d 485. We do not think that the use of the word "officers" can operate to change or modify the intent as expressed by the whole ordinance. The court found that the city had for several years employed persons designated as manager of the liquor store and as street commissioner and had paid for their services from the city treasury. The intent of the proposed ordinance is to fix the salaries of existent public positions specifically enumerated therein including the "manager of the liquor store" and of the "street commissioner." This purpose is so clear and obvious that the use of the term "officers" cannot operate to change or modify that intent.

■ The alternative writ of mandamus issued June 19, 1942, required defendants to show cause on June 23, 1942. Application of defendants for change of trial judge based upon an affidavit of prejudice filed June 22, 1942, was denied because the application was not made within the time prescribed by statute. Counsel argues that "The law contemplates at least ten days notice, or at least a reasonable time to answer an alternative writ of mandamus" and that "defendants were not given this notice and were, by the shortness of the notice, prejudiced by the fact that it was impossible for them, with reasonable diligence, to file the said 'Affidavit of Prejudice' within the time before the hearing as allowed by statute." A stipulation was entered into between the parties to the effect that answer be made and hearing on the merits be had on July 3, 1942. We think, by this stipulation, defendants waived objection to the

length of time within which they were required to make return.

The judgment appealed from is affirmed.

All the Judges concur.