NELSON, Appellant, v.
CITY OF SIOUX FALLS, et al, Respondents

(30 N. W.2d 1.)

(File No. 8943.  Opinion filed December 1, 1947.)

**Davenport, Evans & Hurwitz,** of Sioux Falls, for Plaintiff and Appellant.

**Roy D. Burns,** of Sioux Falls, for Defendants and Respondents.

RUDOLPH, J.   In this action plaintiff seeks to have it declared that he, as a retired elected city official, is entitled to a pension under the laws of this state and the ordinance of the City of Sioux Falls.   Plaintiff was duly elected and qualified as a city commissioner of Sioux Falls on May 3, 1926.   He acted continuously as such city commissioner until May 6, 1946.   At the time of his retirement in 1946 he was more than 60 years of age.

In 1925 there was enacted by the Legislature an act entitled "An Act to Authorize Cities of the First Class to Pension Retired Employees and to Establish, Create and Maintain a Fund for the Purpose of Paying Pensions to Such Employees."   Ch. 239, Laws of 1925.   Section 7 of this Act provided for an election to determine whether the city should adopt a pension plan for retired employees.   At an election held in Sioux Falls under the said Section 7 in April 1926 the voters of the city voted to adopt the pension plan.   Thereafter the city adopted an ordinance providing for the city employees pension fund and a plan for paying pensions to city employees.   The term "city employees" is defined by the ordinance as follows:

"(a) All employees of the City, except firemen, now in office or now employed by the City.

"(b) All employees of the City, except firemen, appointed or employed by the City after the effective date of the ordinance * * *"

The ordinance further provides:

"Every employee of the City who shall have been employed thereby for a period of twenty years and who shall have arrived at the age of sixty years shall upon his application, or upon motion of the Commission, when for the interest of the City, be retired upon pension * * *"

. . The ordinance further provides for retirement because of disability and contains the provision "If such employee objects to being so retired, he may demand an examination as to such disability by three competent physicians of good

repute and standing, one to be selected by the Mayor, one by such officer or employee, and the third by the two physicians so selected, * * *." It is stipulated that under this ordinance appointive officers of the city have been paid pensions as therein provided. Elective officers have not been so paid. In 1935 there was enacted Ch. 160, Laws of 1935, which is an act entitled "An Act Providing for the Pensioning of Elective and Appointive City Officials in Cities Having Adopted the City Retiring Employees Pension Law, Under 239 of the Laws of 1925." It is agreed by counsel that this law was enacted for the purpose of providing a pension for a retired elective city official of Sioux Falls. However, it was judicially determined that this retired city official, whose service had terminated prior to the adoption of the Act, could not draw a pension thereunder. So far as material, this Act provides:

"Section 1. That in all cities of the first class which have adopted The City Retiring Employees Pension Law, as provided by Chapter 239 of the Laws of 1925, elective and appointive officials of any such city shall be entitled to a pension, as hereinafter provided.

"All elective and appointive officials of such city shall be eligible to retirement on pension when they have been in the service of such city for twenty (20) years, or more, and shall have arrived at the age of 60 years. * * *"

The present law relating to pensions of municipal employees and officers is SDC 45.12, as amended by Ch. 199, Laws of 1945 and Ch. 204, Laws of 1947. These two amendatory laws are not material to the present dispute. The first paragraph of the 1935 law which provided that elective and appointive officers "shall be entitled to a pension" was not carried into the code. The code simply provides in SDC 45.1201 that "All elective and appointive officials of such city shall be eligible to retirement on pension when they have been in the service of such city for twenty years or more and shall have arrived at the age of sixty years." This code section further provides that no pensions shall be paid in excess of fifty per cent of the average monthly salary received by such official or employee during the last five

years of his service with such city. It is then provided by SDC 451202 that "The city may prescribe by ordinance the class of employees and officers who shall receive the benefit of the pension fund." We have deemed it necessary to set out the ordinance and the statutes somewhat in detail because of the contentions made by the plaintiff. Plaintiff contends first, that the ordinance should be so construed as to include retired elective city officials within its terms. Secondly, he contends that in any event, it is mandatory under the state laws that presently exist to pay to retired elective officials a pension provided they meet the necessary requirements of age and tenure.

█ In construing the ordinance we believe it essential that the statute under which it was adopted should be kept in mind. This 1925 statute furnished the authority for municipalities to provide a system of pensions, and this authority is no broader than the statute. A reading of the 1925 statute makes it clear that it applied only to employees. No where in the statute is there a reference to municipal officers or officials. Unless the contrary clearly appears from the ordinance, we would not be inclined to construe the ordinance as broader than the statute under which it was enacted, or as including, under its terms, those who the statute did not contemplate. From the language of the ordinance it might be said with some reason that its framers intended to include within its terms appointive officers, or at least some of such officers, as defined in SDC 45.1103. Under the second section of the ordinance reference is made to members of the police department, who are classified as appointive officers under SDC 45.1103, and it appears reasonably clear that it was intended to cover such officers. While the distinction between a public officer and an employee is quite well defined, Griggs v. Harding County et al., 68 S. D. 429, 3 N. W.2d 485, nevertheless policemen, under statutes classifying them as officers, have been held to be employees within the meaning of certain acts relating to employees. Fahler v. City of Minot, 49 N. D. 960, 194 N. W. 695. But elective officers are those who are charged primarily with the functions of government and are endowed

with all of the attributes which clearly distinguish them from employees. An elective member of a city commission is the highest type of city official, and had there been an intention to bring such official within the terms of the ordinance we are satisfied that it would not have been attempted by innuendo or by a definition of the term employee which does not clearly indicate such intention. We are of the opinion that it would require a strained and unreasonable construction of the ordinance to find an intention to bring elective officials within its provisions.

Under the state law as it presently exists, SDC 45.1201, elective officials are "eligible to retirement on pension." However, this provision of the law is not self-executing. This law further provides that "no pension shall be paid in excess of fifty per cent of the average monthly salary received by such official * * * during the last five years of his service with such city", which clearly contemplates some action on behalf of the governing body in fixing the amount of such pension which in no event shall exceed fifty per cent etc. But if there were any doubt that action by the governing body is necessary before elective officials are entitled to retirement on a pension, this doubt is dispelled by that part of SDC 45.1202 which provides that the city may prescribe by ordinance the class of employees and officers who shall receive the benefit of the pension fund. Appellant contends that this provision of SDC 45.1202 is in conflict with the provision of the preceding section which makes elective officials eligible to retirement on pension. It appears to us that the two provisions are entirely consistent, the first simply makes such officials eligible, the second provides the procedure which is a necessary prerequisite before such officials are entitled to the pension. The city has never complied with this required procedure so as to entitle elective officials to the benefit of the pension fund, it has never provided by ordinance that such officials shall receive the benefit of the fund, nor has it determined the amount of the pension which such officials should draw.

Appellant earnestly contends that under the 1935 law it was compulsory to pay elective officials a pension

upon retirement after twenty years of service and sixty years of age. Applicant further contends that applying the presumption against intention to change existing law by a code revision, that we should construe the law as it now appears in SDC 1939, as compulsory and as not requiring any action by the city to entitle elective officials to the benefit of the pension fund. We may accept appellant's premise that the 1935 law was compulsory, but the language that gave it that effect was omitted in the revision. The 1935 law provided that elective officials "shall be entitled to a pension." This language was not carried into the code. The code simply provides that such officials shall be "eligible" for retirement upon a pension; whether they are entitled to a pension under the law as it now exists depends upon the city prescribing by ordinance the class of officers who shall receive the benefit of the pension fund. By omitting from the code the provision that such officers shall be "entitled" to a pension, and providing, which the 1935 law did not, that the city should prescribe by ordinance the class of officers who shall receive the benefit of the pension fund, we think it clear that any compulsory or self-executing feature of the 1935 law was changed by the revision. The presumption that no change was intended must yield to that which, we believe, is clearly expressed in SDC 45.12.

The judgment appealed from is affirmed.

All the Judges concur.