SIOUX FALLS MUNICIPAL EMPLOYEES ASS'N, INC.,
Respondent v. CITY OF SIOUX FALLS, et al., Appellants

(233 N.W.2d 306)

(File No. 11482. Opinion filed August 28, 1975)

David V. Vrooman, Sioux Falls, for plaintiff and respondent.

Boyce, Murphy, McDowell & Greenfield, Sioux Falls, for defendants and appellants.

WOLLMAN, Justice.

This is a declaratory judgment action brought by the Sioux Falls Municipal Employees Association, Inc. (plaintiff) against the City of Sioux Falls and the Mayor and Commissioners of the City of Sioux Falls (the city) seeking a declaration that certain amendments to the city's civil service system are null and void and that certain job positions within the city are subject to the city's civil service system. The case was submitted to the trial court on a stipulation of facts; consequently, no findings of fact or conclusions of law were entered. SDCL 15-6-52(b). The trial court entered a judgment declaring the amendments to the ordinance in question to be null and void and declaring certain of

the job positions described in the complaint to be within the city's civil service system. The city has appealed. We affirm in part and reverse in part.

In 1937, the legislature enacted enabling legislation that authorized municipalities to adopt ordinances establishing civil service systems for their municipal employees, subject to the restriction that once made effective such ordinances could not be repealed or modified so as to affect the standing of any employee then employed thereunder nor repealed except by an initiated ordinance. Ch. 178, Laws of 1937. Pursuant to this enabling legislation, the city in 1938 adopted an ordinance establishing a civil service system. Section 3.102 of that ordinance provided that:

> "3.102. *Classification.* This title shall apply to all regular appointive officers and employees and those paid upon a monthly salary basis, except that it shall not apply to the following appointive officers and employees: Attorney, Assistant Attorney, Auditor, Treasurer, Chief of Police, Chief of Fire Department, Assessor, Engineer, employees employed in connection with Veterans Emergency Housing, casual temporary or part-time employees employed to discharge a casual, temporary or part-time duty, emergency employees employed for a period of emergency, and unskilled laborers except those employed for periods exceeding nine months during any twelve consecutive months who qualify under the civil service rules."

On January 7, 1957, Section 3.102 of the ordinance in question was amended to read as follows:

> "3.102 *Classification.* This title shall apply to all regular appointive officers and employees and those paid upon a monthly salary basis, except that it shall not apply to the following appointive officers and employees: Attorney, Assistant Attorney, Auditor, Treasurer, Chief of Police, Chief of Fire Department, Assessor, Engineer, Airport Manager, Part time City Health Officer, Personnel Director, Persons employed in Veterans emergency housing, Recreation workers, Safety Council

Workers, Casual or temporary employees employed to discharge a casual or temporary duty, Emergency employees and unskilled laborers except those employed for periods exceeding nine months during any twelve consecutive months who qualify under Civil Service rules."

This same section was again amended on May 13, 1957, but the language of the section was apparently not changed.

In 1959 Section 3.102 was again amended, and as so amended reads as follows:

"3.102 *Classification.* Except as otherwise provided in this Chapter, this Title shall apply to all employees, policemen and firemen, except that it shall not apply to recreation workers, safety council workers, parkettes, casual or temporary employees employed to discharge a casual or temporary duty, emergency employees employed for a period of emergency, and unskilled laborers except those employed for periods exceeding nine months during any twelve consecutive months who qualify under Civil Service rules.

"This Title shall not apply to elective or appointive officers. The term 'appointive officers' as used in this section shall include all appointive officers specifically provided for by statutes of the State of South Dakota and all other officers appointed to fill appointive offices created by ordinance as authorized by the statutes of the State of South Dakota.

"Anyone holding an appointive office, who at the time of his appointment thereto, was in the Civil Service of the City of Sioux Falls, shall, upon his removal from such appointive office, be returned to his former position and pay as an employee of the City and the period of his tenure as an appointive officer shall be included in his Civil Service rights."

None of the amendments described above came as a result of an initiated ordinance.

Since the time that Section 3.102 was last amended in 1959, some eighteen job positions have been declared by ordinance to be appointive offices not within the city's civil service system. The holders of eight of said eighteen offices were not at the time of the creation of the offices nor at any time since included within the civil service system. The holders of eight of said offices were at the time their positions were declared to be appointive offices included within the city's civil service system (two of these positions originally carried job titles different from those designated by the post-1959 ordinance). Of the remaining two of the eighteen positions, one has never been filled and the other, although filled for a short period of time, is now vacant and there is no expectation that it will be filled at any time in the future.

The eighteen appointive offices referred to above include the following positions: Personnel Director, Clerk of Courts, City Health Officer, Revenue Administrator, General Superintendent Water Works, Operations Engineer—Water Department, Planning Director, Administrative Clerk I, Administrative Clerk II, Bandmaster, Water and Light Office Manager, Administrative Assistant, Flood Control Superintendent, City Traffic Engineer, Street Maintenance Superintendent, Assistant Park Superintendent, Forester, and Zoo Director.

The trial court's judgment declared the above described Section 3.102 of the Sioux Falls Civil Service System Ordinance, as amended in 1957 and 1959, which excludes employees previously covered by Section 3.102 enacted pursuant to Ch. 178, Laws of 1937, to be null and void. Further, the judgment declared that the eighteen appointive positions described above are under the Sioux Falls civil service system and the individuals holding those positions shall continue to hold them with civil service status. Finally, the judgment declared that the positions of City Attorney, Assistant Attorney, Auditor, Treasurer, Chief of Police, Chief of Fire Department, Assessor, Engineer, Airport Manager, Superintendent of Parks and Recreation and Arena-Coliseum Manager "* * * are not subject to the Sioux Falls Municipal civil service ordinance."

As might be expected in a case involving the jobs of so many individuals and the impact of the declaratory judgment on the

ability of the city's elected officials to carry out their responsibility of effecting the policies that they deem to be in the best interests of the city, the parties emphasize the consequences that they feel will flow from a reversal or affirmance of the judgment. On the one hand, plaintiff contends that if the judgment is reversed the city will systematically set out to destroy the civil service system. On the other hand, the city argues that its elected officials should have the right to appoint officers to carry out the programs that those elected officials deem necessary.

■ At the outset, we are met with the city's claim that although plaintiff has standing to maintain this action on behalf of the municipal employees of Sioux Falls under the provisions of SDCL 60-9-1, plaintiff does not have standing to maintain this action under the provisions of the Declaratory Judgments Act, SDCL 21-24, because it has failed to demonstrate that it or any of its members have been adversely affected by the adoption of the 1957 and 1959 amendments to Section 3.102 of the ordinance in question, citing *State v. Smith,* 88 S.D. 76, 216 N.W.2d 149. Although it is true that plaintiff has not cited specific instances in which individual members of the association have thus far suffered actual adverse consequences as a result of the amendments to the ordinance, we conclude that plaintiff's complaint and the stipulation of facts demonstrate that the removal of the eighteen positions described above from the coverage of the civil service system has an adverse effect in terms of job security, promotions and job transfers sufficient to satisfy the standing requirements of the Declaratory Judgments Act as most recently interpreted in the case of *Kneip v. Herseth,* 87 S.D. 642, 214 N.W.2d 93. This is especially true in view of the fact that the case presents questions of significant public interest, not only to plaintiff and its members and to the officials of the city of Sioux Falls, but to other municipal employees and municipal officials throughout the state whose fortunes may be affected by our decision in the instant case.

On the merits of the case, the city argues that because the enabling legislation, Ch. 178, Laws of 1937, authorized municipalities to establish civil service systems only for municipal employees and not for officers and because there is a legal distinction between employees and officers, Section 3.102 of the

1938 ordinance was invalid to the extent that it attempted to include officers within the Sioux Falls civil service system and that therefore the 1957 and 1959 amendments were and are valid.

■ Section 1 of Ch. 178, Laws of 1937, stated in part that "Any Municipal Corporation in this State may adopt an Ordinance establishing a Civil Service system for its municipal employees; * * *". This statute was revised by the 1939 Code Commission to read as follows: "Every municipality shall have power * * * To adopt an ordinance establishing a civil service system for its municipal employees, policemen, and firemen, * * *". SDC 45.0201(103). This statute, as amended in a form not material to this action, now appears at SDCL 9-14-14. We conclude that the city's argument is well founded. There is a distinction between a public officer and an employee. *Griggs v. Harding County*, 68 S.D. 429, 3 N.W.2d 485; *Hooper v. Hahn*, 69 S.D. 275, 9 N.W.2d 502; *Nelson v. City of Sioux Falls*, 72 S.D. 73, 30 N.W.2d 1. A governing body of a municipality possesses only such authority as is conferred upon it by law together with such powers as are necessary to carry into effect those granted. *Levasseur v. Wheeldon*, 79 S.D. 442, 112 N.W.2d 894. See also, e. g., *Schryver v. Schirmer*, 84 S.D. 352, 171 N.W.2d 634; *City of Watertown v. Meseberg*, 82 S.D. 250, 144 N.W.2d 42.

We believe that the instant case is analogous to the situation that existed in *Nelson v. City of Sioux Falls*, supra. There, a 1925 statute authorized cities to adopt pension plans for retired employees. Thereafter the city adopted an ordinance providing for a city employees' pension fund and a plan for paying pensions to city employees. An elected city commissioner contended that he was entitled to a pension under the provisions of the 1925 Act, the subsequently adopted ordinance and the subsequently adopted statute. In treating the plaintiff's claim that he was entitled to a pension under the ordinance, the court stated that:

> "In construing the ordinance we believe it essential that the statute under which it was adopted should be kept in mind. This 1925 statute furnished the authority for municipalities to provide a system of pensions, and

this authority is no broader than the statute. A reading of the 1925 statute makes it clear that it applied only to employees. No where in the statute is there a reference to municipal officers or officials. * * *" 72 S.D. at 76, 30 N.W.2d at 2.

Although it is true that the court then went on to state that it would not be inclined to construe the ordinance as broader than the 1925 statute under which it was enacted or as including within its terms those not contemplated by the statute, we think that the decision, when read in conjunction with the above stated rule concerning the limited authority of municipalities, stands for the proposition that the authority to adopt an ordinance providing for a system of pensions was no broader than the statute granting such authority.

■ Likewise, in the instant case Ch. 178, Laws of 1937, authorized municipal corporations to establish civil service systems for their municipal employees; there is no mention of municipal officers, either elected or appointed. Had the legislature intended to include officers within civil service systems, we think that appropriate language would have been included within Ch. 178.

In support of its contention that the legislature intended to include officers within municipal civil service systems, plaintiff points to SDCL 9-14-3, the pertinent parts of which read, "All appointive officers of a municipality governed by a mayor and common council shall be appointed by the mayor with the approval of the council * * * subject to the provisions of the civil service applying to employees, policemen, and firemen." This last cited provision, argues plaintiff, indicates that municipal officers are within the scope of municipal civil service systems.

As it appeared in the 1919 Revised Code, the predecessor of SDCL 9-14-3 did not contain the proviso clause "subject to the provisions of the civil service applying to employees, policemen, and firemen." R.C. 1919, § 6270. The proviso clause was added by the 1939 Code Commission. SDC 45.1104, the source of SDCL 9-14-3.

SDC 45.1103 (now SDCL 9-14-1) provided that, "In cities there shall be appointed an auditor, treasurer, attorney, engineer, assessor, chief of police, policeman, and such other officers as may be provided for by ordinance.   *   *   *"

SDC 45.1109 (now found at SDCL 9-14-12, 9-14-13, and 9-14-15) provided that:

> "Except as otherwise provided any appointive officer of a municipality governed by a board of commissioners or board of trustees may be removed by a majority vote of the members of such board.   *   *   *

> "Policemen, firemen, and employees appointed under any civil service ordinance may be removed only in pursuance of the provisions of such ordinance. Officers and employees appointed by a city manager may be removed by him."

The last paragraph of SDC 45.1109 (now SDCL 9-14-15), cited immediately above, was added by the 1939 Code Commission.

We believe that the legislature recognized the distinction between officers and employees when it limited the application of Ch. 178, Laws of 1937, to employees. Likewise, we believe that the 1939 Code Commission recognized and preserved this distinction when it added the words "policemen, or firemen" to the statute that embodied the authority granted by Ch. 178, Laws of 1937. SDC 45.0201(103) (SDCL 9-14-14). We note that firemen are classified as employees under SDCL 3-6-17, and both policemen and firemen have been recognized as employees under our workmen's compensation law since the adoption of Ch. 253, Laws of 1929 (now SDCL 62-1-4).

We do not construe these changes in the preexisting law to in any way restrict the authority of the governing body of a municipality to create offices that could not have been envisioned by the legislature and categorically listed for all time, or to limit the authority of the governing body to appoint and discharge officers. Therefore the proviso clause now found at SDCL 9-14-3 and the language of SDCL 9-14-15 should not be read as requiring all appointive officers to be included within a munici-

pal civil service system. *Thorson v. Maxwell Hardware Co.*, 82 S.D. 385, 146 N.W.2d 739; *City of Redfield v. Wharton*, 79 S.D. 557, 115 N.W.2d 329; *Lewis v. Annie Creek Mining Co.*, 74 S.D. 26, 48 N.W.2d 815; *Nelson v. City of Sioux Falls*, supra.

■ We conclude, then, that the trial court erred in declaring the 1957 and 1959 amendments to Section 3.102 of the ordinance in question as being null and void to the extent that they attempted to exclude employees previously covered by Section 3.102, and in declaring that the eighteen positions described above are within the Sioux Falls Municipal employees civil service system.

■ It does not follow from our holding, however, that all of the eighteen positions in question are necessarily excluded from the civil service system. Indeed, the city conceded on oral argument that some of the eighteen positions are probably not officers, e. g., the Administrative Clerks I and II, and asked that we establish some guidelines distinguishing a municipal officer from an employee. In view of the fact that the record does not contain job descriptions of any of the positions in question or any information concerning the role the holders of these positions fulfill in carrying out the policy determinations of the mayor and the commissioners of the city, it would be a highly theoretical exercise on our part to attempt to establish any specific guidelines that might be of any assistance to the trial court on remand. We believe that within the general guidelines set forth in *Griggs v. Harding County*, supra, the trial court, given the benefit of information concerning job descriptions and duties and the extent to which the holders of the positions in question are in fact the alter ego of the policy-making governing board of the city, will be able to determine which, if any, of the positions in question are in fact within the Sioux Falls civil service system, consistent with the holding herein.

What we have said should dispel plaintiff's fear that a reversal of the trial court's judgment will lead to the systematic destruction of the municipal employees civil service system in Sioux Falls. It should be plain from our opinion that the redesignation of positions as appointive offices may not be used as a means to avoid the limitations on the repeal or modification of

a civil service system as set forth in SDCL 9-14-14. Cf. *Hooper v. Hahn*, supra.

To the extent that it holds that the 1957 and 1959 amendments to Section 3.102 of the ordinance in question are null and void and that the eighteen positions described above are within the Sioux Falls municipal employees civil service system, the declaratory judgment is reversed. To the extent that it holds that the positions of city attorney, assistant attorney, auditor, treasurer, chief of police, chief of fire department, assessor, engineer, airport manager, superintendent of parks and recreation, and arena-coliseum manager are not subject to the Sioux Falls municipal civil service ordinance, the judgment is affirmed. The case is remanded to the circuit court for such further proceedings as the parties may elect to pursue not inconsistent with this opinion.

All the Justices concur.