#28006-a-LSW
**2017 S.D. 29**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

TIMOTHY ASPER and
GALAZIN FAMILY, LLC,                     Petitioners and Appellants,

v.

BRADLEY NELSON, ROBERT
SICHMELLER and RAY LARDY,
as supervisors for Raritan Township
and RARITAN TOWNSHIP,
DAY COUNTY, SOUTH DAKOTA,                Respondents and Appellees.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
DAY COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE JON S. FLEMMER
Judge

\* \* \* \*

DAVID A. GEYER of
Delaney, Nielsen & Sannes, PC
Webster, South Dakota                    Attorneys for petitioners
                                         and appellants.


JAY M. LEIBEL
Madison, South Dakota                    Attorney for respondents
                                         and appellees.

\* \* \* \*

CONSIDERED ON BRIEFS
APRIL 24, 2017
OPINION FILED **05/24/17**

WILBUR, Justice

[¶1.]     Two township residents petitioned the circuit court to issue a writ of mandamus compelling the township to repair and maintain two secondary roads. After two hearings, the circuit court denied the request to issue a writ because the court concluded that the township proved that it was unable to perform its mandatory duty to repair and maintain the two secondary roads. The residents appeal. We affirm.

## Background

[¶2.]     On November 19, 2015, Timothy Asper and Galazin Family, LLC petitioned the circuit court to issue a writ of mandamus ordering Raritan Township in Day County, South Dakota, to either repair and maintain 132nd Street and 431st Avenue and make the roads passable or show cause why it should not be done. SDCL 31-13-1 imposes a duty on the Raritan Township Board to repair and maintain 132nd Street and 431st Avenue, which are secondary roads within the Township. The roads had provided Asper and Galazin Family access to their real property located within the Township. In their affidavits supporting their petition for a writ of mandamus, Asper and Galazin Family alleged that they had repeatedly requested that the Township repair and maintain the roads, but the Township had refused to do so for the last four years.

[¶3.]     On December 22, 2015, the circuit court issued an alternative writ of mandamus. The court ordered the Township and the Township board members to repair and maintain 132nd Street and 431st Avenue or show cause why the writ should not be made permanent. The court held a hearing in February 2016.

During the hearing, the court heard evidence from Asper and the Township. Asper testified that he owns approximately 97 acres on which his home resides. He purchased the property in 2008 and had access to the property via 132nd Street and 431st Avenue. Galazin Family owns approximately 280 acres of farmland in the same vicinity and had access to the property via 132nd Street and 431st Avenue. Both 132nd Street and 431st Avenue are improved section-line roads and portions of both roads border a lake. In the spring 2011, the water level of the bordering lake flooded and made impassable portions of both 132nd Street and 431st Avenue. Asper testified that to access his home, he must now cross private pasture land, State land, private farmland, and private crop land. Galazin Family must also cross private land to get to its property.

[¶4.] The Township, via testimony from the township clerk, identified that its yearly budget for road maintenance was approximately $25,000, and in 2015, the Township had approximately $9,000 remaining. The clerk also testified that no maintenance had been done on 132nd Street or 431st Avenue since 2010. Township Board Supervisor Brad Nelson had been a township supervisor for the past nine years. He testified that the Township received $23,470 in 2015, which included $12,897 in real estate taxes. Nelson explained that although the Township had approximately $56,000 in a money market account, that money had been given to the Township by FEMA and was allocated to other roads not including 132nd Street or 431st Avenue. Nelson asserted that the Township, with assistance of various governmental entities, had spent approximately $256,000 from 1995 to 2010 to repair and keep the roads passable in light of the ever-increasing water levels of the

bordering lake.  Nelson claimed that after those initial repairs the Township never discussed doing a special levy to fund subsequent repair and maintenance of the roads.

[¶5.]        At the conclusion of the hearing, the circuit court held that the Township had a mandatory duty to repair 132nd Street and 431st Avenue.  The court, however, found that "[h]ere, it isn't a matter of the township neglecting the road, it's a matter of whether or not the township has the ability to correct the problem."  The court concluded that it could not decide that question until the Township obtained a recent estimate for the cost of repair.  The court issued "mandamus for the sole purpose" of "directing the [T]ownship to obtain a written estimate to raise the road so that that amount can then be reviewed by the [T]ownship and a determination made at [its] discretion whether [it is] able to generate the funds necessary to complete that - - that estimate."  It directed that the matter would remain open and that Asper and Galazin Family could request further review by the court.  The court issued findings of fact and conclusions of law.

[¶6.]        In a subsequent hearing on August 26, 2016, the parties offered competing estimates to the circuit court.  Asper presented an estimate from Hofland Engineering, which was the same engineering company that had raised the road in prior years.  According to Hofland Engineering's estimate, the cost to repair the roads would be $473,000 with possible additional expenses in the future.  Asper testified that he and Galazin Family would contribute $25,000 to assist the Township in building up the roads.

[¶7.] The Township, through testimony by current Township Board Chairman Robert Sichmeller, testified that the Township received estimates from Webster Scale, Inc. for $1,380,500 and Foothill Contracting for $1,178,560. Sichmeller also testified that the Board held a special meeting in March 2016 to decide whether the Township could build a road for Asper and Galazin Family. The Board concluded, based on the estimates it had received, that the Township could not repair the roads. On cross-examination, Sichmeller agreed that the Board had not conducted a special tax assessment to fund the repair of the roads and that the Board had never taken a vote to get a bond to improve the roads. He, however, claimed that the Board's attempt to obtain additional funding from the Township's residents would not be "favorable."

[¶8.] The court issued an oral ruling at the conclusion of the hearing. The court referred to the parties' estimates and acknowledged that Asper and Galazin Family agreed to pay $25,000. The court also recognized that it could order the Township to go through the steps of attempting to obtain the necessary funding. But, according to the court, "that would seem to be a further expenditure of resources on the part of all parties that isn't going to be able to accomplish" Asper and Galazin Family's goal. The court held that the Township established that it was not possible for the Township to fund the repair and maintenance of 132nd Street and 431st Avenue as identified in the estimates—including the estimate from Hofland Engineering for $473,000. The court issued findings of fact and conclusions of law and an order denying the alternate writ of mandamus, amended alternate writ of mandamus, and Asper and Galazin Family's motion for further review.

[¶9.] Asper and Galazin appeal, asserting that the circuit court abused its discretion when it denied the issuance of a writ of mandamus.

### Analysis

[¶10.] Asper and Galazin Family argue that the Township failed to prove that mandamus would be unavailing because the Township has yet to attempt everything possible to raise the funds necessary to perform its mandatory duty to repair and maintain 132nd Street and 431st Avenue. Asper and Galazin Family emphasize that they have a clear legal right to have the roads repaired and maintained and that they have no legal remedy other than mandamus. So, in their view, until the Township exhausts all potential funding resources, such as the issuance of a bond under SDCL chapter 8-11, the circuit court did not have discretion to deny the writ of mandamus.

[¶11.] "Circuit courts possess discretion in deciding whether to grant a writ of mandamus; thus, the appropriate standard of review on appeal is abuse of discretion." *Willoughby v. Grim*, 1998 S.D. 68, ¶ 6, 581 N.W.2d 165, 167. "The granting of a writ of mandamus is not a matter of absolute right, but is vested in the sound discretion of the court; and, where there is reason to doubt the necessity or propriety of issuing it, it should be refused." *Anderson v. City of Sioux Falls*, 384 N.W.2d 666, 668 (S.D. 1986). It is also "the generally accepted rule that there may be considerations of justice which will justify a refusal of the writ, although there may be no other appropriate and adequate remedy." *City of Sioux Falls v. Sioux Falls Traction Sys.*, 53 S.D. 471, 221 N.W. 84, 85 (1928). For example, "[i]n some instances, difficulties in enforcement of mandamus may call for denial of

relief." *Willoughby*, 1998 S.D. 68, ¶ 12, 581 N.W.2d at 169.  Likewise, "[m]andamus will not be granted when it would be unavailing." *Id.* (quoting *State v. Hahn*, 69 S.D. 275, 278, 9 N.W.2d 502, 503 (1943)).

[¶12.]　　　The Township has an affirmative duty to repair and maintain 132nd Street and 431st Avenue, and Asper and Galazin Family have a clear legal right to the performance of the Township's duty.  The circuit court recognized as much.  But the court also held that the Township proved that it was unable to perform its legal duty because it would be unable to procure the funds necessary to repair and maintain the roads.  From our review, the court did not abuse its discretion.

[¶13.]　　　This is not a case of a lack of immediate funds or a mere financial hardship.  The Township offered testimony that it receives approximately $13,000 a year in real estate taxes, and it operates on an annual budget for road maintenance at approximately $25,000.  The lowest estimate to repair the roads was $473,000, and that estimate indicated that additional repairs in the future may be necessary.

[¶14.]　　　Yes, the Township is statutorily authorized to sell bonds upon approval "by a two-thirds vote of the registered voters present and voting at any annual township meeting or special township meeting called for that purpose."  SDCL 8-11-3.  But the Township would have to raise approximately 19 times its annual budget to cover the lowest estimate to repair the roads, a number which does not include the costs associated with calling for an election to raise money by selling bonds.  And in order to repay the bonds, the Township must levy a tax to be used specifically for the repayment of the bonds.  SDCL 8-11-7.  We also note that neither the parties nor the court addressed any constitutional or statutory limits on the

Township's ability to incur debt or the viability of issuing and selling bonds. *See* S.D. Const. art. XIII, § 4; SDCL ch. 31-13. Similarly, the evidence supports the court's view that a special assessment would obligate the subject property for potentially more than the property's value.

[¶15.]     Nonetheless, Asper and Galazin Family argue that the Township must "prove that it was *impossible* to get the funding to repair the roads." (Emphasis added.) They also claim that any difficulty in obtaining funds is immaterial because "[e]quitable defenses have no bearing in this matter." On the contrary, "the right to a writ of mandamus may turn on equitable considerations[.]" *United States v. Helvering*, 301 U.S. 540, 543, 57 S. Ct. 855, 857, 81 L. Ed. 1272 (1937). We also note that the court could not order the Township to use or exhaust particular methods, including special assessment or bond, to attempt to obtain the funds. The Township has discretion in how it carries out its duty to repair and maintain its roads. *See Willoughby*, 1998 S.D. 68, ¶ 11, 581 N.W.2d at 169 ("Orders compelling the exercise of this discretion are ill-suited to mandamus relief."). Because the Township proved that it "has not willfully placed itself in a position where it cannot perform its legal duty, and it appears that it is unable to do so," the circuit court did not abuse its discretion when it denied the writ. *See Sioux Falls Traction Sys.*, 53 S.D. 471, 221 N.W. at 86.

[¶16.]     Affirmed.

[¶17.]     GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and KERN, Justices, concur.